## THE AMERICAN INSURANCE COMPANY v. PETTIJOHN.

INSURANCE.—*Foreign Companies.*—*Certificate of Auditor of State.*—*When Renewal to be Filed.*—Under the act of December 21st, 1865, 1 R. S. 1876, p. 594, in relation to foreign insurance companies, such a company may, after having filed, in the office of the clerk of the circuit court of a county wherein it is transacting business, the certificate of the auditor of state and the certified copy of the statement on which it is issued, as required by section 1 of such act, file renewals of such certificate and copy at any time during the months of January and July respectively, in each succeeding year, and may validly transact its insurance business during the whole of such months, though such renewals be not filed until the last day thereof.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts,* for appellant.

*J. Stafford,* for appellee.

WORDEN, J.—This was an action by the appellant, against the appellee, upon a promissory note executed by the defendant to the plaintiff, for the payment of the premium on a policy of insurance issued by the plaintiff to the defendant.

Trial by the court; finding and judgment for the defendant.

The case is before us on the evidence.

The plaintiff is an insurance company organized under the laws of the State of Illinois, and seems to have been

defeated in the action on the supposed ground that our law had not been complied with at the time of the execution of the note and the policy.

Before the agent or agents of any insurance company incorporated in any other State can lawfully transact any business of insurance in this State, he or they must procure a certificate of authority from the auditor of state. This certificate is to be issued by the auditor upon a statement under oath of the president or. secretary of the company, showing certain matters not necessary to be here repeated. We copy the following clause of the statute:

"And upon the filing of the aforesaid statement and instrument with the auditor of state, and furnishing him with satisfactory evidence of such investment, as aforesaid, it shall be the duty of said auditor to issue a certificate thereof, with authority to transact the business of insurance, to the agent or agents applying for the same; and said statement, instrument and evidence shall be renewed semi-annually, in the months of January and July of each year; and the auditor of state, on being satisfied that the capital, securities and investments remain secure, as at first, shall furnish a renewal of certificate as aforesaid, and the agent or agents obtaining such certificates shall file the same, together with a certified copy of the statement. on which it was obtained, in the office of the clerk of the circuit court of the county in which such agency is established, both of which documents shall be carefully preserved for public inspection by said clerk." 1 R. S. 1876, p. 594, sec. 1.

In this case the plaintiff's agent filed in the office of the clerk of the circuit court of Hamilton county, where the business was transacted, the proper certificate of the auditor of state, together with a certified copy of the statement on which it was obtained, on October 25th, 1871. He also filed in the same office a like renewed certificate,

together with a certified copy of the statement on which it was obtained, on January 27th, 1872.

The note sued on was executed, the policy issued, and the business transacted, between October 25th, 1871, and January 27th, 1872; but, to be more specific, the transaction was not closed by the acceptance on the part of the company of the appellee's application for insurance, and the issuing of the policy, until January 16th, 1872.

The appellee contends that the note is void, because, at the time the transaction was closed by the acceptance on the part of the company of his application for insurance, and the issuing to him of his policy, the agent of the company had not filed his renewed certificate.

On the other hand 'the appellant claims that its agent had the whole of the month of January, 1872, in which to file the renewed certificate; and that the company, by its agent, could lawfully transact insurance business under the certificate filed October 25th, 1871, until the close of the month of January, 1872.

The latter is the view which we take of the question.

The Legislature, it will be seen, did not provide, that the renewed certificates should be issued or filed at any particular time in the months of January and July. It is clear, therefore, we think, that the agents of the company have the whole of those months in which to file such renewed certificates; and that they may lawfully transact insurance business, under the original or preceding certificates, until the close of the next succeeding months of January or July, as the case may be.

The judgment below is reversed, with costs, and the cause remanded for a new trial.