The American Insurance Company *v.* Wellman *et al.*

---

THE AMERICAN INSURANCE COMPANY *v.* WELLMAN ET AL.

FOREIGN INSURANCE COMPANY.—*Promissory Note.—Abatement of Action.*—A promissory note executed within this State to a foreign insurance company, as such, is not void because the company has not complied with the laws of this State, authorizing such companies to do business within the State, but its collection is suspended until such laws have been complied with.

From the Gibson Circuit Court.

*R. M. J. Miller*, for appellant.

*H. A. Yeager*, for appellees.

BIDDLE, J.—Complaint on a promissory note made to the appellant by the predecessors of the appellees. The character of the note will appear in the course of this opinion.

Answer in four paragraphs, the first, second and third

or which need not be further noticed, as no question arises upon them.

The substantial averments of the fourth paragraph are as follows :

That said note was executed to the plaintiff as a premium note for a policy of insurance issued by the plaintiff on the property therein described, for five years from February 6th, 1871, to February 6th, 1876 ; that the plaintiff is an insurance company, duly organized and existing under the laws of the State of Illinois ; that said risk was taken, and said contract of insurance entered into, and the said note given, without said company or its agent having in any wise complied with certain acts of the General Assembly of the State of Indiana, passed June 17th, 1852, March 2d, 1855, and December 21st, 1865, respecting foreign corporations and foreign insurance companies and their agents doing business in this State ; that no authority of said insurance company, or the agent thereof, was on file in the clerk's office of Gibson county, Indiana, when the said risk and contract of insurance were entered into, and when said note was given, and said policy of insurance issued ; that no certificate of authority from the auditor of the State of Indiana to said insurance company, or its agent, was on file in the clerk's office of said county of Gibson, authorizing said company or its agent to transact business in the State of Indiana, as required by said acts of the General Assembly—all of which is fully and particularly averred. Wherefore, etc.

Replies were filed ; trial had, resulting in a judgment for defendants ; exceptions ; appeal.

Two questions are presented by the appellant,—the first upon overruling the demurrer to the fourth paragraph of the answer, and the second arising under the motion for a new trial, namely, that the finding is contrary to the evidence.

The question arising upon overruling the demurrer to

the fourth paragraph of the answer has been recently and fully considered by this court in the case of *Smith* v. *Little*, 67 Ind. 549, wherein it is held that policies issued and notes taken by foreign insurance companies within this State are not void because they have not complied with the statutes authorizing them to do business within its limits, but the remedy upon such notes is suspended until they do comply with said laws. The fourth paragraph is therefore sufficient. See, also, the *The Farmers and Merchants Ins. Co.* v. *Harrah*, 47 Ind. 236; *The Walter A. Wood Mowing, etc., Machine Co.* v. *Caldwell*, 54 Ind. 270; *The American Ins. Co.* v. *Pettijohn*, 62 Ind. 382; *Daly* v. *The National Life Ins. Co. of the United States of America*, 64 Ind. 1; *The Singer Manufacturing Co.* v. *Brown*, 64 Ind. 548.

The note described in the complaint was introduced as evidence at the trial; and other evidence was introduced showing that it was given as a premium note upon the policy of insurance, as averred in the fourth paragraph of answer. There was no evidence showing, or tending to show, that either the plaintiff or its agent had complied, or offered to comply, with the statutes authorizing the company to do business within this State; indeed, it was admitted upon the trial that neither the plaintiff nor its agent had so complied. The finding, therefore, under the fourth paragraph of answer, was correct.

The judgment is affirmed, at the costs of the appellant.

Petition for a rehearing overruled.