[No. 6,636.—Department Two.]

## THOMAS McVERRY v. JAMES T. BOYD.

NON-JUDICIAL DAY—HOLIDAY.—The 22nd day of February was not a non-judicial day, as the law stood in 1876.

APPEAL from a judgment in the Twenty-third District Court, City and County of San Francisco. THORNTON, J.

The publication referred to in the opinion was made in the year 1876. The defendant had judgment, and the plaintiff appealed.

After the decision, the appellant filed his petition that the appeal be reheard in Bank, and the application was denied.

*J. M. Wood*, for Appellant.

The terms " holidays " and " non-judicial days " are synonymous. The 22nd day of February is expressly declared to be a holiday.

*Cope & Boyd*, for Respondent.

The COURT:

Action to recover a street assessment. One ground of defense is, that the resolution of intention was not published for ten days, Sundays and non-judicial days excepted, as required by law. It appears from the transcript that the first publication was on Thursday, February 17th, and that there was no publication of the resolution on the 22nd day of February. Was the 22nd day of February a non-judicial day? Section 133 of the Code of Civil Procedure was at that time as follows: " The courts of justice may be held, and judicial business may be transacted, on any day except as provided in the next section." Section 134: " No court can be opened, nor can any judicial business be transacted on Sunday, on the first day of January, on the Fourth of July, on Christmas, on Thanksgiving day, or on a day on which the general or the judicial election is held, except for the following purposes," etc.

The sections are found in article iii of the Code of Civil Pro-

cedure, the heading of which is "Judicial Days." The 22nd of February was not made a non-judicial day by the foregoing section, and was not, therefore, a non-judicial day.

The publication was not made in the manner required by law, and the order is therefore affirmed.