### No. 72.

## WIESTLING, RECEIVER, *v.* WARTHIN.

FOREIGN CORPORATION.—*Failure to File Statement of Agent's Authority.— Dissolved.—Suit by Receiver no Excuse.*—A foreign life insurance company, whose agent takes an application for insurance in this State, forwards it to the home office, and upon the return of the policy delivers it to the insured, receiving the first payment, including the annual dues, can not maintain an action against the assured for dues thereafter accruing if it has not complied with the statute of this State requiring such a company to file, before suit brought, in the clerk's office of the county where such business was transacted, a written statement under and by which such agent is authorized to act for such company; and the fact that such company has been dissolved and the suit is brought by a receiver of it, and the company can not then, for that reason, comply with the statute, does not permit the receiver to maintain the action. ·

From the Decatur Circuit Court.

*J. E. McDonald, J. M. Butler, A. H. Snow* and *D. A. Myers,* for appellant.

*W. A. Moore, J. D. Miller* and *F. E. Gavin,* for appellee.

ROBINSON, J—Joshua M. Wiestling, receiver of the " New Era Life Association of 1876 of Philadelphia," appellant, commenced this action against the appellee.

The complaint alleges that said association, a corporation organized under the laws of the State of Pennsylvania for the purpose of carrying on the business of life insurance, was dissolved on the 21st day of June, 1886, by order of the court of common pleas of Dauphin county, Pennsylvania; that on said day, by order of said court, the appellant was appointed receiver of said company; that, on the 26th day of July, 1879, the appellee made application in writing to said company to be admitted as a member thereof a copy of which application is made a part of the complaint; that in said application the appellee agreed to be liable to said company for all death claims accruing while the certificate of membership issued on said application was in force; that the appellee caused said application to be transmitted to said

company in the city of Philadelphia, in the State of Pennsylvania, to be decided on by said company; that said company, at said city of Philadelphia, by its duly authorized officers, accepted the appellee's application on the 30th day of July, 1879, and thereupon then and there issued to the appellee a certificate of membership, which certificate of membership was then and there delivered to and accepted by the appellee; that, on the 10th day of November, 1881, the appellee's certificate of membership lapsed on account of the non-payment of certain mortuary assessments; that during said time, when the appellee was a member of said association, certain death losses accrued to said company; that assessments were duly made by said company to pay for said death losses; that the appellee was duly notified of such assessments, and payment thereof was duly demanded by said company, but the appellee has never paid the same, wherefore judgment was demanded.

The appellee demurred to the complaint, which was overruled.

The appellee then answered in one paragraph, which answer admits the execution of the application exhibited with the complaint, but says that prior to the time of its execution said " New Era Life Association " had not, nor has it since said time, furnished the auditor of the State of Indiana with a statement under oath of the president or secretary of said association of the condition of said company, in compliance, or attempted compliance, with the provisions of an act of the General Assembly of the State of Indiana, approved March 3d, 1877, respecting foreign insurance companies and their agents doing business in the State of Indiana; that at said time, or prior thereto, said association had not, nor has it since, filed with the auditor of state a written instrument, under the seal of the company, signed by the president and secretary, authorizing W. T. Royse, who took said application at Greensburg, Decatur county, Indiana, as the agent of said company, and as such agent forwarded the

same to the home office, and who, upon the return of the policy, as such agent, delivered the same to the defendant, and received from said defendant the sum of $20, the first payment, which sum included the sum of $6, the annual dues for the first year, to acknowledge service of process upon such agent, and that such acknowledgment should be taken and held valid as if served upon the company according to the laws of this State, or any other State, and waiving all claim of error by reason of such service ; that no certificate of authority of any kind or nature has ever, at any time, been filed in the office of the clerk of the Decatur Circuit Court for either said W. T. Royse, or for any other person or persons, to act as such agent for said company within said county. The appellant demurred to the answer, which was overruled, and exceptions properly taken ; and the appellant failing and refusing to plead further, judgment was rendered by the court on demurrer.

The alleged error of the court in overruling the demurrer to the answer is assigned as cause for the reversal of the case.

Sections 3022, 3030 and 3765, R. S. 1881, relating to foreign insurance companies doing business in this State, read as follows:

Section 3022. "Agents of corporations not incorporated or organized in this State, before entering upon the duties of their agency in this State, shall deposit in the clerk's office of the county where they propose doing business therefor, the power of attorney, commission, appointment, or other authority under and by which they act as agents.

Section 3030. " The provisions of this act are hereby made conditions upon which such corporations may be authorized to do business in this State or hold titles to or liens on real estate therein.

Section 3765. " It shall not be lawful for any agent or agents of any insurance company incorporated by any other

State than the State of Indiana, directly or indirectly, to take risks or transact any business of insurance in this State, without first producing the certificate of authority from the auditor of State; and, before obtaining such certificate, such agent or agents shall furnish the said auditor with a statement, under oath, of the president or the secretary of the company for which he or they may act." Said section then sets forth what matters such statement shall contain.

The contention on the part of appellant is, that the contract is governed by the laws of Pennsylvania and not Indiana; and of the appellee, that the facts alleged in the answer bring the contract within the laws of Indiana.

We must, therefore, look to the allegations in the answer, which are admitted by the demurrer, to ascertain whether the facts stated are sufficient to bring the contract within the statute of this State and make it appear that the contract was consummated in this State. The answer alleges that one W. T. Royse who took the application, at Greensburg, Decatur county, Indiana, as such agent, forwarded the same to the home office, and who, upon the return of the policy, as such agent, delivered the same to the appellee and received from him the sum of twenty dollars, the first payment, which included the sum of six dollars annual dues for the first year.

It seems clear from these facts that the contract was not made in Pennsylvania. The negotiations connected therewith, in obtaining the application, in forwarding it to the home office, in collecting the amount due thereon, and in the delivery of the policy after the payment of the amount due, were done and performed by appellant's agent at Greensburg, Decatur county, Indiana. We think the contract comes within the provisions of the sections of the statute set out in this opinion, and was a violation of these sections. If there was any doubt upon this question, the case of *Cassaday* v. *American Ins. Co.*, 72 Ind. 95, removes such doubt. That case was an action upon a promissory note as the consideration of a policy of insurance against loss by fire by a foreign com-

pany, and as to material facts in every material point, similar to this case. · In fact we are unable to distinguish any difference in principle in the two cases.

The case of *Union Central Life Ins. Co.* v. *Thomas,* 46 Ind. 44, so far as the questions in this case are involved were determined, sustains the view we have taken. We have been referred to some authorities which are, to some extent, in conflict with these cases. But we find no conflict in the decisions of the Supreme Court of this State upon the questions in this case, but all tend in the same direction. The contract must, therefore, be treated as coming within the provisions of, and in violation of, the statute of this State.

It is suggested by the appellant that the statute being a highly penal one, should not be enforced against the appellant, who is a receiver, and is winding up the affairs of the corporation, who made the contract in the case at bar, in the interest of all parties; compliance with the statute is now an impossibility; that the evident intention of the Legislature was to protect the citizens of this State in their negotiations with foreign corporations. The corporation which made this contract has been dissolved, and the receiver, as has been said, is suing in the interest of all parties. In support of this view we are referred to *American Ins. Co.* v. *Wellman,* 69 Ind. 413, and *Elston* v. *Piggott,* 94 Ind. 14. We do not think these cases aid the appellant. In the case of *American Ins. Co.* v. *Wellman, supra,* it was held that "policies issued and notes taken by foreign insurance companies within this State are not void because they have not complied with the statutes authorizing them to do business within its limits, but the remedy upon such notes is suspended until they do comply with said laws." The answer pleaded a non-compliance with the statute, was held sufficient, and the judgment against the insurance company, by reason of this failure, was affirmed.

The case of *Elston* v. *Piggott, supra,* presents a different question. In that case it was held that "A decree of fore-

closure and title acquired under a sale pursuant thereto by a foreign corporation plaintiff can not be questioned upon the ground that the corporation had not filed a power of attorney, as required by section 3022, R. S. 1881, the fact being available only by answer in abatement."

The contract in this case was unenforceable under the statute, and suit could not be maintained thereon until the company had complied with the statute. That it did not do while it had the power, but waited until dissolved by process of law. It then became impossible to comply with the statute, and until that time the contract could not be enforced. The legal conclusion would seem to follow, if the company could maintain suit by a compliance with the statute, and waited until it was dissolved, and by its own laches created the impossibility, the fact of being dissolved in that condition would not give the receiver a right the company did not possess, and by its own fault had rendered impossible.

There is no error in the case for which it should be reversed, and it is therefore in all things affirmed, at the costs of the appellant.

Filed April 29, 1891.