## CHARLES BRADLEY
### v.
## ANDREW B. CLAUDON.

*Practice—Affidavit Claimed to Have Been Made Before a Notary Who Was an Attorney in Case—Christmas, Whether* Dies Non Juridicus.

1.   On appeal from an order denying a motion to set aside a judgment entered by a clerk in vacation by confession, where it was objected that the affidavit, on which judgment was entered, was made before a notary, who was also an attorney in the case, *held*, that the record failed to show the identity of the attorney and notary.

2.   The judgment in the case presented was not void because entered by the clerk on the 25th day of December, a legal holiday.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Livingston County; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. B. M. SHAFFNER, for appellant.

Messrs. McILDUFF & TORRANCE, for appellee.

MR. JUSTICE LACEY.   The appeal in this case is prosecuted from an order of the Circuit Court, denying a motion of appellant to quash the execution and set aside the judgment rendered by confession in vacation against appellant in favor of appellee, on the 25th day of December, 1891, commonly called Christmas; it was for $620 and costs, and was entered by the clerk as is provided by statute in such cases, Messrs. McIlduff & Torrance appearing for the appellee in the suit.   Execution on the judgment was issued on the same day.   On December 31st, the appellant, by counsel, filed his motion in the Circuit Court as above stated, assigning as a reason, which was filed in writing, that the judgment was entered and execution issued on December 25, 1891, a legal holiday under the statutes of this State, and because of other irregularities and uncertainties in and

Bradley v. Claudon.

about said judgment and execution. The appeal in the case was taken from the order of the court in refusing to set aside the execution and judgment.

One of the points made in this court for reversal of the order of the court is, that the affidavit of the appellee to the signature to the note and power of attorney, showing that it was the genuine signature of appellant, was made before R. S. McIlduff, notary public, and that McIlduff was one of the attorneys who represented the appellee in taking the judgment. The name of the firm of attorneys who represented the appellee in getting the confession of judgment was McIlduff & Torrance, but it does not anywhere appear that the McIlduff who acted as notary, was the same who acted as attorney. It is not disclosed by the record what the christian name of McIlduff, who acted as attorney, was, so there can be no contention that the identity of the two men should be inferred from identity of names. All the presumptions should be in favor of the judgment. Thomas v. Mueller, 106 Ill. 36; Joliet Electric Light and Power Co. v. Ingalls, 23 Ill. App. 50. Besides, the bill of exceptions fails to show that the affidavit was ever called to the attention of the court below, and the motion negatives the idea that such a point was relied on in that court. We will therefore dismiss that point without further comment. The main point relied on in the court below was, that any judicial or ministerial action done by a court or clerk on Christmas, it being a legal holiday, was absolutely void. We think this point is not well taken. While the question has never been passed on by the higher courts of this State, we think it so well settled by adjudications in other States and in the text books that such days are not like the Sabbath, *dies non juridicus*, that it is only necessary here to refer to some of those authorities; besides, the entering of this judgment by the clerk was not a judicial but a ministerial act. Campbell v. Goddard, 117 Ill. 256. The law seems to be clear that the holding of court, or the transaction of other judicial business, on a legal holiday, unless prohibited by the statute, or unless such holiday be on the

Sabbath, is not illegal, and not even if the statute create or make those holidays. Ruge v. State, 62 Ind. 383; Dunlap v. State, 9 Tex. App. 179 (S. C., 35 Am. Rep. 736); Pinder v. State, 12 Tex. App. 496; Cabtree v. Whiteside, 65 Tex. 111; H. E. & W. Ry. Co. v. Harding, 63 Tex. 162; Pfester v. State, 84 Ala. 432; Babbitt v. State, 87 Ala. 61; McVerry v. Boyd, 57 Cal. 406; Paine v. Fisco (1886), 1 Penn. Co. Reports, 562; State v. Rickets, 74 N. C. 187; State v. Moore, 104 N. C. 743; Richardson v. Goddard, 23 Howard, 28; Black on Judgments, Vol. 1, Sec. 182. Lampe v. Manning, 38 Wis. 673, if in conflict, is based on a statute of that State, prohibiting the doing of any business in any of the courts in that State on legal holidays. Sec. 17, Chap. 98, Revised Statutes of Ill. under head of Negotiable Instruments (see R. S.), only regulates the presentation and payment of such instruments on legal holidays. But it nowhere attempts to regulate the holding of courts or other legal business on a legal holiday. We think the rule too well established to require further discussion.

There is no other error assigned. There being no error in the record the order of the court below is hereby affirmed.

*Order affirmed.*