### SULLIVAN v. BECK et al.

(Circuit Court, D. Indiana. March 22, 1897.)

1. VALIDITY OF CONTRACT MADE BY FOREIGN CORPORATION — FAILURE OF AGENT TO COMPLY WITH STATUTE.

A contract made by the agent of a foreign corporation in the state of Indiana is valid, although the agent may not have complied with sections 3453, 3454, 2 Burns' Rev. St. Ind. 1894 (sections 3022, 3023, Rev. St. Ind. 1881), requiring the agents of foreign corporations to do certain things before entering upon the duties of their agency in the state, as the only inhibition of the statute is that the contract shall not be enforced in the courts of the state before compliance with these sections.

2. CONTRACT ENFORCED BY FEDERAL COURT ALTHOUGH NOT ENFORCEABLE IN STATE COURT.

Where a state statute provides that contracts made by foreign corporations shall not be enforced in the courts of the state before compliance with certain requirements of the statute, the prohibition will not be extended to suits brought in the federal courts, the contracts not being void.

Floyd A. Woods, Lorin C. Collins, Jr., and William Meade Fletcher, for complainant.

F. Winter and John L. Lewis, for defendants.

BAKER, District Judge.    Bill by receiver of the American Building, Loan & Investment Society of Chicago, a corporation organized under the laws of Illinois, to foreclose a mortgage on real estate situated in this state executed by defendants to said society.    The loan was made, and the note and mortgage in suit therefor were executed by and through an agent of said society with the defendants in this state on September 29, 1890.    To this bill the defendants have filed a plea in abatement, grounded on sections 3453, 3454, 3456, 4464, 4483, 2 Burns' Rev. St. Ind. 1894 (sections 3022, 3023, 3025, Rev. St. Ind. 1881), which it is claimed preclude the maintenance of this suit, because the provisions of said sections have not been complied with. Section 3453, Rev. St. 1894 (section 3022, Rev. St. 1881), provides that:

"Agents of corporations not incorporated or organized in this state, before entering upon the duties of their agency in this state, shall deposit in the clerk's office of the county where they propose doing business therefor the power of attorney, commission, appointment, or other authority under or by virtue of which they act as agents."

Section 3454, Rev. St. 1894 (section 3023, Rev. St. 1881), provides that:

"Said agents shall procure from such corporations, and file with the clerk of the circuit court of the county where they propose doing business, before commencing the duties thereof, a duly authenticated order, resolution, or other sufficient authority of the board of directors or managers of such corporations, authorizing citizens or residents of this state having a claim or demand against such corporation arising out of any transaction in this state with such agents, to sue for and maintain an action in respect to the same in any court of this state of competent jurisdiction, and further authorizing service of process in such action on such agent to be valid service on such corporation, and that such service shall authorize judgment and all other proceedings against such corporation."

Section 3456, Rev. St. 1894 (section 3025, Rev. St. 1881), provides that:

"Such foreign corporations shall not enforce, in any court of this state, any contracts made by their agents or by persons assuming to act as their agents, before a compliance by such agents or persons acting as such with the provisions of sections 3453 and 3454 [sections 3022, 3023] of this act."

In the view which the court takes of this case, it does not become important to set out sections 4464, 4483, Rev. St. 1894.    Plaintiff has set down the plea for hearing, and insists that the same is not sufficient to abate the maintenance of the present suit.

Section 3456, Rev. St. 1894 (section 3025, Rev. St. 1881), does not purport to invalidate any contract entered into before compliance with sections 3453, 3454, Rev. St. 1894 (sections 3022, 3023, Rev. St. 1881).

A contract so made is valid. The only inhibition is that it shall not be enforced in the courts of the state before compliance with those sections. Such has been the uniform construction placed upon these sections of the statute by the supreme court of this state. Machine Co. v. Caldwell, 54 Ind. 270; Domestic Co. v. Hatfield, 58 Ind. 187; Daly v. Insurance Co., 64 Ind. 1; Manufacturing Co. v. Brown, Id. 548; Insurance Co. v. Wellman, 69 Ind. 413; Elston v. Piggott, 94 Ind. 14; Guarantee Co. v. Cox (Ind. Sup.) 42 N. E. 915; Wiestling v. Warthin, 1 Ind. App. 217, 27 N. E. 576. Can the national courts be called upon to enforce the provisions of section 3456, Rev. St. 1894 (section 3025, Rev. St. 1881)? In terms, the prohibition of this section only applies to courts of the state, and I am of opinion that it is not the duty of this court to extend its application to suits brought here. This view finds support in Hervey v. Railway Co., 28 Fed. 169, and in Farmers' Loan & Trust Co. v. Chicago & N. P. R. Co., 68 Fed. 412. The note and mortgage in suit having been executed in 1890, and being valid and enforceable at the time of their execution, sections 4464, 4483, Rev. St. 1894, which were enacted three years after their date, cannot affect their validity, or defeat the right of the receiver to enforce them. The plea is therefore insufficient, and is overruled, with leave to the defendants to answer.