THE SINGER MANUFACTURING COMPANY *v.* BROWN ET AL.

FOREIGN CORPORATIONS AND THEIR AGENTS.—*Promissory Note.*—*Abate- ment of Action.*—*Pleading.*—*Contract.*—In an action by a foreign corpo-

The Singer Manufacturing Company *v.* Brown *et al.*

ration, as payee, against the maker, on a promissory note executed pursu-
ant to a contract entered into, in this State, between the defendant and an
agent of the payee, as such, the defendant answered, alleging, in effect,
that, *at* and *prior* to the execution of the note, such agent had failed to
comply with the requirements of sections 1 and 2 of the "act respecting
foreign corporations and their agents in this State." 1 R. S. 1876, p. 373.
*Held,* on demurrer, that, for want of an allegation that the requirements of
such sections had not been complied with *at* or *prior* to the commence-
ment of the action, the answer is insufficient.
*Held,* also, that the effect of such non-compliance is, not to render the con-
tract void, but to prevent its enforcement until compliance.

From the Clay Circuit Court.

*J. McAnnely,* —— *Julian, C. W. Smith, R. O. Hawkins*
and *C. H. Remy,* for appellant.

Howk, C. J.—This was a suit by the appellant, as the
payee, against the appellees, as the makers, of a promis-
sory note, dated June 28th, 1873, and payable twelve
months after the date thereof.

The appellees answered in a single paragraph, to which
the appellant demurred, for the alleged insufficiency of the
facts therein to constitute a defence to the action, which
demurrer was overruled by the court, and to this ruling
the appellant excepted.

The appellant then replied specially, in two paragraphs,
to the appellees' answer; to which reply the appellees
demurred, upon the ground that it did not state facts suffi-
cient to constitute a reply to their answer. This demurrer
was sustained by the court, and to this decision the appel-
lant excepted. The appellant failing to reply further,
judgment was rendered on said demurrer, in favor of
the appellees and against the appellant, for the costs of
this action.

In this court the appellant has assigned, as errors, the
following decisions of the circuit court:

1. In overruling its demurrer to the appellees' answer;

2. In sustaining the appellees' demurrer to the first
paragraph of the appellant's reply; and,

3. In sustaining the appellees' demurrer to the second paragraph of said reply.

We will consider and decide the several questions arising under these alleged errors, in the order of their assignment.

In their answer to the complaint, the appellees admitted the execution of the note in suit, but they alleged, in substance, that the appellant was a corporation, not organized nor incorporated under the laws of this State, but was organized or incorporated under the laws of the State of New York; that the appellant's agent, employed by the appellant and doing its general business in Clay county, Indiana, at the time the note sued upon was executed, and with whom the appellees contracted, had wholly failed, prior to and at the time of the execution of said note, to deposit in the clerk's office of said Clay county the power of attorney, commission, appointment or other sufficient authority, under or by virtue of which said agent acted as such; nor had such agent, prior to and at the time of the execution of said note, filed with the clerk of the circuit court of said Clay county any duly authenticated order, resolution or other sufficient authority of the board of directors or managers of the appellant, authorizing citizens or residents of this State, having a claim or demand against the appellant, arising out of any transaction in respect to the same, in this State, with such agent, to sue for and maintain an action in respect to the same, in any court of this State of competent jurisdiction; and that, at no time prior to or at the time of the execution of the note in suit, had said agent filed a duly authenticated order, resolution, or other sufficient authority of the board of directors or managers of the appellant, authorizing service of process in such action, on said agent, to be valid service on the appellant, and that such service should authorize judgment and all other proceedings against the appellant;

that the appellees executed said note directly to said agent, and made and entered into said contract with said agent, at a time when the said agent was in the full employment of the appellant. Wherefore the appellees asked judgment for their costs, etc.

It will be readily seen, from the allegations of this answer, that it was the intention of the appellees to plead therein the non-compliance by the appellant's agent with the requirements of sections 1 and 2 of "An act respecting foreign corporations and their agents in this State," approved June 17th, 1852, as an absolute bar to the appellant's action. 1 R. S. 1876, p. 373. The theory of the answer evidently is, that inasmuch as the appellant's agent at Clay county, with whom and where the appellees had executed the note in suit, had not, prior to and at the time of the execution of said note, complied with the requirements of said sections 1 and 2 of the above entitled act, in relation to the agents of foreign corporations doing business therefor in this State, and inasmuch as the appellant was a foreign corporation within the purview and meaning of said act, therefore the note sued on was absolutely void, and did not constitute a cause of action in favor of the appellant. The conclusion does not follow the premises, as the statute is now construed by this court. In section 4 of said act, it is provided, that " Such foreign corporations shall not enforce in any courts of this State, any contract made by their agents or persons assuming to act as their agents, before a compliance by such agents, or persons acting as such, with the provisions of sections 1 and 2 of this act." 1 R. S. 1876, *supra*.

In construing this section 4, and its bearing upon said sections 1 and 2 of the above entitled act, it was held by this court, in the case of *The Walter A. Wood Mowing, etc., Co.* v. *Caldwell*, 54 Ind. 270, that a note similar to the one now in suit, and executed under similar circumstances,

was not void by reason of the fact that the agent of a foreign corporation had not, before and at the time of the execution of such note, complied with the requirements of said sections 1 and 2, but that, under said section 4, the foreign corporation could not, in such a case, enforce the collection of the note, before or until such agent had complied with said sections 1 and 2, in any courts of this State. " If suit be instituted on any such contract, and an answer be filed of non-compliance with the statute, such answer will show that the suit is prematurely brought; and if well pleaded and true, will operate to abate the suit." To the same effect is the more recent case of *Daly* v. *The National Life Ins. Co.*, etc., *ante*, p. 1.

It will be observed, however, in the case at bar, that the appellees have very carefully limited the averments of their answer, in relation to the alleged non-compliance of the appellant's agent, at Clay county, with the requirements of said sections 1 and 2 of the above entitled act, to the time before and the time of the execution of the note in suit. The answer contains no averment that the appellant's said agent had not, at any time since the execution of said note, complied with the provisions of said sections 1 and 2; and, for the want of such an averment, it seems to us that the answer did not state facts sufficient to constitute a defence to the action. As we have seen, the matters stated in the answer could only be pleaded for the purpose of showing that the action had been prematurely brought. The note sued on was dated on the 28th day of June, 1873, and, at that time, it was alleged in the answer that the appellant's agent at Clay county, with whom the contract was made upon which the note was executed, had not complied with the requirements of said sections 1 and 2 of the foreign corporations act. It appears from the record now before us, that this action was commenced in the circuit court, on the 10th day of February, 1875. It does not follow, we think, as a conclusion either of law or of fact,

that, because the appellant's said agent had not complied with the requirements of the statute, at the date of the note, June 28th, 1873, as alleged in the answer, therefore the said agent had not complied with such requirements, on the 10th day of February, 1875, at the time of the commencement of this suit. In our opinion, the court below erred in overruling the appellant's demurrer to the appellees' answer.

The conclusion we have reached, in regard to the insufficiency of the answer, makes it unnecessary for us to consider either of the other alleged errors. We may remark, however, that, while it is admitted in the first paragraph of the reply, that the appellant's agent at Clay county had not, before and at the time of the execution of the note in suit, complied with the requirements of said sections 1 and 2 of said foreign corporations act, yet it is also alleged therein, with clearness and precision, that in 1874, and some time before the commencement of this suit, the appellant's said agent had complied, fully and in detail, with all the provisions of said sections. The appellees' answer failed to show, as we have seen, that this suit was brought prematurely; and the first paragraph of the reply showed affirmatively and clearly, that the action was not commenced until after the appellant's said agent had fully complied with all the provisions of the statute.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the appellant's demurrer to the appellees' answer, and for further proceedings in accordance with this opinion.