No. 1,430.

## FARGO & COMPANY v. CUTSHAW ET AL.

AMENDMENT OF PLEADING.—*Substituting Corporate Name for Names of Incorporators.—Abuse of Discretion.*—Where it is made to appear that the use of the individual names of the incorporators as plaintiffs was through mistake of fact concerning the incorporation, the complaint may be amended by substituting as plaintiff the corporate name instead of the names of the individual incorporators, and to refuse such amendment is reversible error.

SAME.—*Attachment Proceedings.—When Dissolved by Amendment of Original Complaint.*—In such case the substitution of the new plaintiff, the corporation, carried with it the dissolution of an attachment proceeding instituted by the original plaintiffs, for such proceedings can not be amended in material parts.

SAME.—*Difference in Rules as to Attachment and Those as to Ordinary Pleadings.*—There is a vast difference between the rules governing amendments to ordinary pleadings and those applicable to attachments; as to the latter the statute must be strictly followed.

From the Washington Circuit Court.

*D. M. Alspaugh* and *J. C. Lawler*, for appellants.
*H. Morris, J. A. Zaring* and *M. B. Hottel,* for appellees.

REINHARD, J.—Charles H. Fargo, Charles E. Fargo, Samuel M. Fargo and Frank M. Fargo sued the appellees in the court below on an account for goods alleged to have been sold and delivered by them to the appellees and recovered a judgment. Upon the trial the evidence disclosed that the appellees purchased the goods not of the Fargos, as a firm, but of C. H. Fargo & Co., a corporation, although it also appeared that said Fargos above named were the sole stockholders and incorporators in said corporation. On appeal to this court the judgment was reversed, the court holding that the trial court should have sustained the motion for a new trial, owing to the fact that the evidence showed that said Fargos, as individuals, had no.

cause of action against the appellees. *Cutshaw* v. *Fargo*, 8 Ind. App. 691.

Proceedings in attachment had also been instituted with the original suit in the names of said Fargos as individual plaintiffs, and these proceedings were sustained and the property attached was ordered sold. When the cause again reached the trial court there was a change of judge, and at the February term, 1894, the plaintiff filed a motion and asked leave of court to file an amended complaint. To this motion the defendants (the appellees) objected, but it was overruled and they excepted, and the amendment was allowed.

Thereupon the defendants below filed their motion to dismiss the attachment proceedings, when the plaintiff moved the court for leave to amend the proceedings in attachment "by substituting the name of the plaintiff for that of Charles H. Fargo" and those of the other original plaintiffs. The court having had the matter under advisement, overruled the motion for leave to amend the affidavit and proceedings in attachment, and the appellant excepted.

The court then, of its own motion, set aside its previous order granting leave to the appellant to amend the complaint by substituting the name of the corporation for that of the Fargos individually, and the appellant excepted to this ruling. The court thereupon overruled the appellant's motion for leave to amend the complaint, and the appellant duly excepted.

The errors assigned are:

1. The setting aside by the court, of its own motion, of its order previously made granting leave to amend the complaint.

2. The overruling of the appellant's motion for leave to amend its complaint and refusing to allow such amendment.

**3.** The overruling of the appellants' motion for leave to amend the affidavit and proceedings in attachment.

We think the first and second assignments of error are well taken. We are aware that the granting or refusal of leave to amend a pleading is largely within the sound discretion of the court, but when the justice of the case so clearly requires that leave should be granted, as it does here, we think it is the duty of the court on appeal to so direct. *Chicago, etc., R. W. Co.* v. *Jones,* 103 Ind. 386.

We think it sufficiently appears that the appellant corporation was the party asking for the leave to be substituted. As we have seen, the original plaintiffs are also the incorporators and stockholders of the appellant corporation. They therefore had full control over the pending action, and could act both for the corporation and themselves as former plaintiffs. We do not see how the appellees could in any manner have been injured in their rights by the leave to amend. The amendment does not render the appellees liable to the appellant if they were not already so. If they owe to the appellant a debt, they should pay it, and if not, they can interpose their defense, whatever it be.

Our statute is very liberal on the subject of amendments of pleadings. R. S. 1894, sections 397, 399 (R. S. 1881, sections 394, 396).

The facts upon which the petition for leave to amend was predicated were not controverted. From these it clearly appeared that the use of the individual names of the incorporators was brought about by a mistake of the facts concerning the incorporation. The decided cases fully support the conclusion that the appellant was entitled to the amendment. *Hubler* v. *Pullen,* 9 Ind. 273; *Abshire* v. *Mather,* 27 Ind. 381; *Evansville, etc., R. R. Co.* v. *Lawrence,* 29 Ind. 622; *Ferguson* v. *Ramsey,* 41 Ind. 511; *Clough* v. *Thomas,* 53 Ind. 24; *Miller* v. *Royce,*

*Admr.*, 60 Ind. 189; *Burk* v. *Andis*, 98 Ind. 59; *Chicago, etc., R. W. Co.* v. *Jones, supra.*

The question whether or not the appellant was entitled to an amendment of the affidavit and proceedings in attachment, is a more serious one. It is true the attachment proceedings are but an incident to the main action, and the two generally go hand in hand. But before there can be any attachment, there must be a valid affidavit, such as the statute prescribes, and it must somewhere, either in the caption or body, contain the names of the proper parties. Drake Attachments, section 113.

If the name of the appellant were to be inserted now, it would be not an amendment but a new affidavit, as the amendment could not be made without a new verification. Besides, the motion is to amend not only the affidavit, but the entire proceedings. These include the affidavit, undertaking, writ, appraisement, return and other incidents of the levy and sale. These proceedings are not in the record, and we only know they have an existence from the statements in the briefs of counsel and incidental references to the same in the record. Assuming, however, that all questions are properly presented by the record, we do not think the court erred in denying the leave to amend the attachment proceedings.

Mere technical defects might, perhaps, be amended, but, in the absence of an express statute upon the subject, there can be no material amendments. 1 Am. and Eng. Encyc. of Law, 907; Drake Attachments, sections 87, 113.

We are not aware of any statute in this State allowing such amendments.

The amendment would be tantamount to new attachment proceedings; at least it would require a new writ, for no amendment can make a void writ valid, except as

between the same parties. Drake Attachments, section 113.

There is a vast difference between the rules governing amendments to ordinary pleadings and those applicable to attachments. In the former, as we have already said, the code allows, and in fact requires, great liberality of construction. In attachment proceedings, however, the statute must be closely and strictly followed. *Marnine* v. *Murphy,* 8 Ind. 272; *Willets* v. *Ridgway,* 9 Ind. 367.

In the present case, the proposed amendment is of a material character, for it introduces into the cause a new plaintiff for the ones who originally instituted the action and proceedings. The effect of this change of parties must necessarily and inevitably lead to a dissolution of the attachment, although we doubt not that a new writ may be issued upon the filing of new proceedings. But the plaintiff now before the court had no right of action, or at least had asserted none, when these proceedings were begun. The substitution of the new plaintiff, to which we think the appellant is entitled, carries with it the dissolution of the attachment instituted by the original plaintiffs.

There was no error in refusing leave to amend the affidavit and other proceedings in attachment.

For the error of denying leave to amend the complaint, the judgment must be reversed.

Judgment reversed.

Filed Jan. 29, 1895; petition for a rehearing overruled April 9, 1895.