## NORTH MERCER NATURAL GAS COMPANY v. SMITH ET AL.

[No. 3,793.   Filed June 25, 1901.   Rehearing denied October 23, 1901.]

CORPORATIONS.—*Foreign Corporations.*—*Authority to do Business.*—*Defense.*—*Quieting Title.*—In an action by a foreign corporation to quiet title to real estate, the certificate of the clerk of the county in which the land was situated that such corporation was not authorized to do business in the county was not admissible under the general denial. *pp. 473, 474.*

SAME.—*Foreign Corporations.*—*Not Authorized to do Business.*—*Plea in Abatement.*—*Quieting Title.*—To render evidence of the failure of a foreign corporation to comply with the statute authorizing such corporations to do business in this State admissible in an action by the corporation to quiet title to real estate, it must be shown by plea in abatement, under oath, in an answer which must precede, and cannot be pleaded with, an answer in bar, and the issue thereon must be tried first and separately. *pp. 474, 475.*

From Randolph Circuit Court; *A. O. Marsh,* Judge.

Action by the North Mercer Natural Gas Company against Duncan Smith and another to quiet title to real estate. From a judgment in favor of defendants, plaintiff appeals. *Reversed.*

*J. F. Denney, J. J. Moran, Wheeler & Brice,* and *W. W. Orr,* for appellant.

*J. F. LaFollette* and *G. H. Koons,* for appellees.

BLACK, C. J.—The appellant, a corporation organized under the laws of Ohio, by its complaint against the appellees, Duncan Smith and Gordon Smith, sought to quiet its title to certain real estate situated in Jay county, and to enjoin the appellees from interfering with the appellant's possession and enjoyment of the same and its appurtenances. The cause was commenced in the Jay Circuit Court; the venue was changed to the Delaware Circuit Court, and thence to the court below. The appellees answered the complaint of the appellant by a general denial, and the appellee Gordon Smith filed a pleading which therein is denominated a cross-complaint against the plaintiff, in two paragraphs, the first being a complaint to recover possession of the same real estate and the second being a pleading seeking in the usual form to quiet the title of Gordon Smith to the real estate. Issue was taken upon each of the paragraphs of cross-complaint by a general denial. The cause was submitted to a jury for trial. The appellant assigns the overruling of its motion for a new trial as error.

On the trial, counsel for the appellees introduced in evidence a certificate of the clerk of the Jay Circuit Court under the seal of that court, wherein the clerk, stating that he was the legal custodian of the appointments of agents for foreign corporations, filed in that county, certified that after having carefully and diligently searched, he found no certificate filed by the North Mercer Gas Company in his office, or by any one for her or in her behalf, authorizing her to do business in Jay county, Indiana, as a foreign corporation or in any other capacity.

The admission of this evidence over the objection of the appellant is one of the grounds of the motion for a new trial. No objection was made to the form of the offered proof, as that it was not under oath, but was by official certificate, or because the appellant was not properly named therein, and we can consider only objections suggested to the trial court. Among the objections it was urged that the evidence did

not support or tend to support any issue joined in the case; that there was "no plea of *nul tiel* in this, and nothing but a general denial filed to the complaint," and for that reason the evidence was incompetent and irrelevant.

It is well settled that the failure of the agent of a foreign corporation to deposit in the clerk's office of the county where he proposes doing business the authority under or by virtue of which he acts as agent, or to file with the clerk of the circuit court of such county authority of the board of directors or managers authorizing citizens or residents of this State to sue the corporation in the courts of this State, and authorizing service of process on such agents, etc., (as provided by §3453 *et seq.* Burns 1901, §3022 *et seq.* Horner 1897) does not render invalid the contracts of the foreign corporation made in this State. The business transactions of the corporation and its rights arising thereunder are not affected by such failure, except that, in a proper case, if the failure be properly presented to the court, the remedy of the corporation will be suspended until such statutory requirements shall have been complied with. To render evidence of such failure available, in a case where it may have any effect, it must be shown by plea in abatement, and therefore under oath in an answer which must precede, and cannot be pleaded with, an answer in bar, and the issue thereon must be tried first and separately. §368 Burns 1894, §365 Horner 1897; *Wood, etc., Co.* v. *Caldwell*, 54 Ind. 270, 23 Am. Rep. 641; *Domestic, etc., Co.* v. *Hatfield*, 58 Ind. 187; *Daly* v. *National Ins. Co.*, 64 Ind. 1; *Singer, etc., Co.* v. *Brown*, 64 Ind. 548; *Elston* v. *Piggott*, 94 Ind. 14; *Wiestling* v. *Warthin*, 1 Ind. App. 217; *Peoples Bldg. etc., Assn.*, v. *Markley, ante,* 128.

Whether this was a case wherein such matter might by plea be made available against the corporation need not be decided. See *Morgan & Co.* v. *White*, 101 Ind. 413; *Smith* v. *Little*, 67 Ind. 549; §3458 Burns 1901, §3027 Horner 1897.

The court refused to strike out this evidence, and we observe that in the instructions to the jury no reference was made to such evidence or to the matter to which it related. Its introduction was erroneous, and we can not decide that it was not prejudicial to the appellant.

Judgment reversed; cause remanded for a new trial.