538    APPELLATE COURT OF INDIANA,

E. I. DuPont Co. *v.* Pennsylvania, etc., Coal Co.—48 Ind. App. 538.

## E. I. DuPont Company *v.* Pennsylvania and Indiana Coal Company.

[No. 7,331.    Filed October 31, 1911.]

ATTACHMENT.—*Creditors.*—*Filing Claims.*—*Statutes.*—Under §978 Burns 1908, §943 R. S. 1881, providing that "any creditor of the defendant, upon filing his affidavit and written undertaking, as hereinbefore required of the attaching creditor, may, at any time before the final judgment * * * make himself a party * * * and file his claim," the original plaintiff in an action in attachment may file, as a creditor, a claim omitted from his complaint; and striking out its ancillary complaint as a creditor constitutes prejudicial error, which is not cured by permitting the plaintiff to file additional paragraphs of original complaint, since it cannot amend the affidavit upon which the attachment is based.

From Greene Circuit Court; *Charles E. Henderson,* Judge.

Action by the E. I. DuPont Company against the Pennsylvania and Indiana Coal Company. From a judgment for plaintiff for part of its demand, it appeals. *Reversed.*

*William L. Slinkard,* for appellant.
*Webster V. Moffett,* for appellee.

IBACH, J.—This action was brought by appellant against appellee, on account, for goods and merchandise sold. Appellant, being a nonresident, filed a cost bond and an affidavit and undertaking in attachment. No contest was made in the attachment proceedings. Appellee filed an aswer in general denial. The cause was submitted for trial without a jury, and the judge took the evidence under advisement before rendering his findings. The evidence showed that some of the goods for which the action was brought were furnished under a written contract, and the judge indicated to appellant that he would not hold the attachment good as to the portion sold under the written contract. Appellant was then allowed to file its ancillary complaint, affidavit and bond as another creditor in attachment on the items covered by the written contract. Appellee moved to dismiss this an-

cillary complaint and proceedings. . Appellant then filed a
second and third paragraph to the original complaint, the
second covering the items of the original complaint which
were not covered by the written contract and the third em-
bracing the items under the written contract. The court sus-
tained appellee's motion to strike out the ancillary complaint
and affidavit in such proceeding. Appellee filed a verified
pleading, called an answer, setting up matter in abatement
of appellant's second and third paragraphs of complaint,
and asking that these paragraphs be tried as a separate cause
of action. Appellant's demurrer to this answer was over-
ruled, and it filed a reply in general denial. The court found
for appellant on the original complaint for the amount of
the items not covered by the written contracts, and ordered
the property attached to be sold to pay this amount. It
also found as to all other matters for appellee on the plea
in abatement, and ordered the third paragraph of the com-
plaint tried separately. Appellee filed its answer to the
third paragraph of complaint. The court found for ap-
pellant, rendering a personal judgment for the amount em-
braced under this paragraph. Appellant's motions to modify
the judgment, for a finding that it was entitled to recover
the whole amount under the attachment, and for a new trial
were overruled.

It is assigned that the court erred (1) in overruling ap-
pellant's demurrer to the special answer of appellee, (2) in
sustaining appellee's motion to strike out appellant's ancil-
lary complaint and affidavit in attachment, (3) in overruling
appellant's motion to modify the judgment, and (4) in over-
ruling appellant's motion for a new trial.

The parties in their briefs spend much time in arguing
whether the proceedings constituted one or more than one
trial, and it must be admitted that the record as to this
point, as well as to other points, is confusing, which is ap-
parent from the foregoing summary of its contents. The
disposition made of the second error assigned will make it

unnecessary for us to enter into this matter, or to consider the other errors assigned. The second assignment presents the question, Has a plaintiff the right as a creditor, to file an ancillary complaint in his own attachment suit? This question is entirely novel, so far as we are able to ascertain; and as we cannot be led by direct authority, it becomes a matter of statutory interpretation. The procedure in attachment is entirely regulated by statute. Section 978 Burns 1908, §943 R. S. 1881, provides that "any creditor of the defendant, upon filing his affidavit and written undertaking, as hereinbefore required of the attaching creditor, may, at any time before the final judgment in the suit, make himself a party to the action, file his complaint, and prove his claim or demand against the defendant." There is no limitation on the term "creditor" in the wording of the statute, and no implication that the creditor who may file his complaint therein must be other than the attaching creditor. We can conceive of no reason, conflicting with the spirit or the letter of the statute, why the original attaching creditor, who finds that he has a claim against the defendant, which is not contained in his original complaint, may not file an ancillary complaint as a creditor. To deprive him of this right would be to put him at a disadvantage compared with other creditors, and would compel him, if he had a cause of action against the defendant in which attachment is proper, and which, for any reason, he had omitted to include in his original complaint and affidavit, to go to the trouble and expense of again instituting attachment proceedings, thus multiplying litigation, and increasing costs, although it is among the very purposes of the statute to avoid such. Appellant filed its ancillary complaint, affidavit and bond, as a creditor, in the proceeding in due time, before final judgment in the suit; therefore the court erred in striking them out on appellee's motion.

It may be contended that this error was made harmless to appellant, because the court allowed it to file additional paragraphs to its original complaint, setting up the same

matter found in the pleading stricken out. But appellant could not amend its original affidavit and thus bring the new matter alleged in the additional paragraphs of complaint under the original attachment proceedings. The affidavit must set forth the nature of the claim, and cannot be amended in that respect. §950 Burns 1908, §916 R. S. 1881; *Fargo & Co.* v. *Cutshaw* (1895), 12 Ind. App. 392. The error committed by the trial court in striking out appellant's pleading and affidavit deprived it of its statutory right, as a creditor, to have the benefit of the attachment proceedings already begun, and for this error the judgment is reversed and the cause remanded, with directions to grant a new trial, to overrule appellee's motion to strike out appellant's ancillary complaint and affidavit as a creditor, and for further proceedings not inconsistent with this opinion.