## SMITH v. STATE, EX REL. SHEPARD ET AL.

### [No. 23,335. Filed November 7, 1918.]

1. MANDAMUS. — *Argumentative Denial.* — *Burden of Proof.* — *Evidence.* — *Preponderance.* — *High Schools.* — In a mandamus action, under §6584a Burns 1914, Acts 1913 p. 331, to compel a township trustee to construct a high school building, the defendant's argumentative denial, alleging that two high schools were being conducted within three miles of the boundary of the township, was not of such affirmative character in confession and avoidance as to relieve the plaintiffs from the burden of proving the allegations of the complaint that no such school so existed; and such answer did not require the defendant to sustain the same by a preponderance of the evidence. p. 597.

2. MANDAMUS.—*Evidence.*—*Judgment in Prior Action.*—*Matters Not Determined.*—In a mandamus action to compel a trustee to construct a high school building, under §6584a Burns 1914, Acts 1913 p. 331, a judgment in an action by the predecessor trustee compelling the advisory board to appropriate for a high school building, rendered a year before the action against the successor trustee was commenced, did not settle the question whether a high school existed within three miles of the boundary of the township at the time the second action was brought. p. 598.

3. MANDAMUS.—*Necessary Fact.*—*Burden of Proof.*—In an action to compel a township trustee to construct a high school building, under §6584a Burns 1914, Acts 1913 p. 331, the burden of proving that no high school existed within three miles of the boundary of the township at the time the action was commenced rested on the plaintiffs throughout the trial. p. 598.

Smith *v.* State, ex rel.—187 Ind. 594.

4. MANDAMUS.—*Facts Imposing Legal Duty.—Evidence.*—The existence of facts imposing a legal duty justifying a writ of mandate must be shown by clear and positive evidence covering every necessary fact, leaving no room for conjecture. p. 598.

5. JUDGMENT.—*Res Judicata.—School Township Proceedings.*— In a mandamus action to compel a township trustee to construct a high school building, under §6584a Burns 1914, Acts 1913 p. 331, a judgment in mandamus by the predecessor trustee compelling appropriation for a high school building, rendered a year before the action against the successor trustee, was not *res judicata* of the question whether a high school existed within three miles of the boundary of the township when the later action was commenced. p. 599.

6. SCHOOLS AND SCHOOL DISTRICTS.—*Expenditures.—Discretion of Trustee.—Erection of High School Building.*—Where there is imperative necessity for the construction of primary buildings to replace condemned buildings, the cost of which must be borrowed, the conditions call for the exercise of discretion of the township trustee, and this power of discretion is not overcome by the mandate in §2, Acts 1913 p. 331, §6584a Burns 1914, requiring the construction of a high school building under conditions stated therein, if the amount required to be borrowed therefor when added to the cost of the primary buildings would exceed the constitutional limit of indebtedness. p. 600.

7. CONSTITUTIONAL LAW.—*Construction of Statute.—Erection of School Buildings.*—Where the constitutional limit of indebtedness of a township would be exceeded by the erection of a high school building, the mandate of §2, Acts 1913 p. 331, §6584a Burns 1914, is not effective, since such construction permits the general purpose of the statute to be carried out, and prevents its conflict with the Constitution. p. 601.

8. SCHOOLS AND SCHOOL DISTRICTS.—*Erection of School Buildings.*—If circumstances require the erection of a primary school building by the township trustee and require at the same time that a high school be established, under §2, Acts 1913. p. 331, §6584a Burns 1914, the trustee may, by the exercise of discretion in good faith, erect a building adequate for both, subject to the limitations of the statute and the Constitution. p. 601.

9. SCHOOLS AND SCHOOL DISTRICTS. — *High School Building. — Revocation of Predecessor's Decision.*—A township trustee has power to revoke his predecessor's decision to erect a high school building, under §2, Acts 1913 p. 331, §6584a Burns 1914. p. 602.

10. SCHOOLS AND SCHOOL DISTRICTS.—*Erection of High School*

*Building.*—Section 2, Acts 1913 p. 331, §6584a Burns 1914, if mandatory -as to the fact that a high school building shall be erected in the township when the stated conditions exist, empowers only the trustee to primarily determine the character and size of the building required. p. 602.

11. MANDAMUS.—*Erection of High School Building.*—A mandamus order against a township trustee, withdrawing from him, and from those entitled to appeal, the right to determine the size and character of a high school building to be erected under §2, Acts 1913 p. 331, §6584a Burns 1914, was too broad. p. 602.

12. SCHOOLS AND SCHOOL DISTRICTS.—*Erection of High School Building. — Distance of Other School. —* A measurement by straight line is proper to determine whether there is a high school within three miles of the boundary line of a township, under §2, Acts 1913 p. 331, §6584a Burns 1914, since the act contemplates that all high school pupils will be accommodated if the building is not farther than three miles from either boundary. p. 603.

From Carroll Circuit Court; *Henry H. Vinton,* Special Judge.

Action for writ of mandate by the State of Indiana, on relation of Charles Shepard and others, against James A. Smith, Trustee of Madison school township, Carroll county. From a judgment for relators, the defendant appeals. *Reversed.*

*Boyd & Julien* and *John H. Cartwright,* for appellant.
*C. Robert Pollard* and *C. R. Pollard,* for appellee.

HARVEY, J.—Appellees sued for a writ of mandate against appellant, trustee of Madison. school township, Carroll county, requiring appellant to construct a high. school building and maintain a high school in said township. The complaint is based on the theory that §2 of the act of 1913 (Acts 1913 p. 331, §6584a Burns 1914) mandates the trustee to erect a high school building when the facts recited in the section exist.

One essential fact required by the act is that there is not at the time in question "established a high school in

such township, or in any town within such township, * * * and where there is no high school within three (3) miles of any boundary line of such township." The absence of any such high school is alleged in the complaint. An issue was not made by a general denial; but an issue was made by appellant's twelfth paragraph of answer, all other special answers being held insufficient.

Appellees' twelfth paragraph of answer was an argumentative denial, alleging that at the time in question two high schools were being conducted within three miles of the boundary of said township.

1. This answer was not of such affirmative character in confession and avoidance as to relieve appellees (plaintiffs) from the burden of proving the allegations of their complaint that no such high school so existed. This answer did not require appellant (defendant) to sustain the same by a preponderance of the evidence. *Bishop* v. *State, ex rel.* (1882), 83 Ind. 67, 73.

As appellees introduced no evidence whatever in chief, appellees did not prove this essential, unadmitted fact, and are not, so far as said pleadings and evidence in chief are concerned, entitled to a mandate against appellant. Appellees, however, evidently regarded the twelfth paragraph of answer not as in any sense a denial of any allegation of the complaint, but as a special affirmative answer, placing the burden of proof thereof on appellant; and therefore appellees filed a reply in three paragraphs: First, a general denial. By their second and third paragraphs of reply appellees alleged in substance that appellant's predecessor trustee had determined that a high school building should be erected, and upon refusal of the advisory board to make appropriation therefor had secured a writ of mandate compel-

ling such appropriation, and that in the action for such writ there was in issue, and was tried, the question whether a high school existed within three miles, and it was adjudicated that no high school so existed; and appellant alleged that none had been established since said judgment, and that the judgment determining the non-existence of such a high school is still in force.

Appellees introduced no evidence upon the trial of this cause except in support of these replies, and the only evidence introduced by appellees for that 2. purpose was the pleadings, proceedings and judgment in said cause to mandate the board. That judgment was rendered November 13, 1914. This action was begun October 21, 1915, and was tried March 21, 1917. The judgment, even if admitted to be otherwise binding on appellant, was rendered practically one year before this action was commenced, and was introduced solely for the purpose stated, and did not settle the question as to whether some other township may have erected a building and established a high school within the year following the judgment. The issue was whether a high school existed within three miles at the time this action was commenced; not whether one so existed one year before this action was commenced.

The evidence that none existed one year before may have been properly admitted as tending to support plaintiff's case in reply, and having been admit- 3. ted on that theory may have been considered as tending to support the complaint; but, standing alone, it does not make plaintiff's case in either respect, as there is a total lack of evidence that there was no high school within three miles at the time this action was commenced, and the burden of so proving was upon plaintiff throughout the trial. The rule is that the existence of facts imposing a legal duty justify- 4. ing a writ of mandate must be shown by clear

and positive evidence covering every necessary fact, and leaving no room for conjecture. *Weir* v. *State, ex rel.* (1903), 161 Ind. 435, 438.

But it is asserted by appellees that, the nonexistence of a high school within three miles having been adjudicated in an action wherein that question was in issue, and wherein the township trustee was a party, that question is settled for and against all interests represented by the trustee and the board, and not open to allegation to the contrary; that the present trustee is the same in legal contemplation as his predecessor, and the judgment is operative to the same extent upon him.

What was the adjudication? It was that all facts then existed imposing a then legal duty upon the advisory board to make an appropriation. It was not adjudicated that the trustee must use the appropriation. He was not mandated by said *judgment* to build; and if later a high school was established within three miles, the mandate of the *statute* was removed, and then no imperative duty rested upon the trustee to use the appropriation. He then was free to exercise, subject to appeal, the discretion allowed him in such matters. Furthermore, the parties were not the same. There the trustee sued the advisory board; now three taxpayers sue the trustee. The cause was not the same. Then the action was to secure an appropriation; now the action is to compel the trustee to use the appropriation in a specific manner.

We have so far treated of the pleadings and evidence on appellees' theory that the statute is mandatory without exception under the circumstances named therein. That such is not a proper construction of the statute appears from a further consideration of the statute as related to the Constitution, and facts presented by the second paragraph of answer of appellant.

This answer alleges in substance that two primary school buildings in said township had, prior to the commencement of this action, been condemned by the state board of health; that said board ordered that said buildings should not be used thereafter for school purposes; that eighty pupils reside in the district where one of said buildings is located, and 102 pupils in the other district; that seven-eighths of said pupils are entitled to primary education in buildings in their respective districts. That the cost of new buildings therein and of the proposed high school, all of which must be borrowed, will exceed the amount the township is permitted by the Constitution to borrow; that to avoid such excess of debt appellant revoked the order of his predecessor that a high school building be erected and the request of his predecessor for an appropriation therefor; that prior to the commencement of this action he had asked the advisory board to make appropriations enabling appellant to erect two school buildings in lieu of the condemned buildings; and appellant alleges that he will proceed "as soon as said appropriation is made to erect such buildings, so that all of said school children of his township, including high school pupils, may be accommodated." A demurrer was sustained to this answer.

This answer alleges an imperative necessity, if education is to progress, for primary school buildings—calls for the exercise of the judgment and discretion

6. of the trustee, acting in good faith, that he provide primary buildings. We are of opinion that power in the trustee to exercise such discretion is not destroyed by such mandate in the statute of 1913, *supra*, as absolutely requires the construction of a high school building when the facts named in §2 thereof exist.

Can it be reasonably said that when a township has an assessed valuation of more than $600,000 of taxable

property, "and when the other facts named by the statute exist," a trustee has a clear legal duty

7.

imposed by law to borrow money for the erection of a high school building, even though the debt of the school township is then at the constitutional limit? In our opinion, no. This section (2) should be so construed as not to conflict with the Constitution, if it can be reasonably done. The Constitution and all statutes relating to the subject under consideration should be read and construed together, to carry out the general purpose, and save the statute. Therefore a condition should be read into this section—in fact, is placed by the Constitution in this section—to the effect that, if the constitutional debt limit will be exceeded by the erection of a high school building, the mandate of the statute is not effective. The language of the statute reasonably permits such modification or construction. The word "building" is not used in this section. The language is: "Wherein there is not now established a high school" and "where there is no high school within three miles * * * the township trustee shall establish and maintain therein a high school."

If there be a building in the township which, in the opinion of the trustee, subject to appeal, is adequate, the statute permits the trustee to establish

8.

therein a high school. If circumstances require the erection of a primary school building, and require at the same time that a high school be established, the trustee may, in his discretion, exercised in good faith, erect a building adequate for both, subject to limitations of the statute and of the Constitution. When the statute is so construed, the second paragraph of appellant's answer is sufficient, and the demurrer thereto should be overruled.

There is another reason why the writ of mandate herein cannot be sustained, though the statute be held mandatory, and why under no circumstances should appellee have a broader writ, if any, than that appellant should determine the character and size of a high school building needed, and a location therefor, and so declare the same in order that those interested and entitled to appeal may take these ·questions before the county superintendent.

If we were to admit—but we do not—that the decision by appellant's predecessor was not affected by appellant's revocation thereof (he had power to revoke

9. —State, ex rel. v. Board, etc., [1890], 25 Ind. 247, 25 N. E. 286), and if we admit—it is above shown we cannot—that appellant was bound by the decision mandating the board, yet we find from the record that neither appellant's predecessor nor appellant, as trustee, had determined the character and size of the building needed.

Though §2 of the act of 1913, supra, be held mandatory as to the fact that a high school building shall be erected, it still leaves the trustee empowered, and

10. the only party empowered, to primarily determine the character and size of the building required.

The record discloses that the first designation of the character and size of the building required was made by the advisory board after the board was man-

11. dated to make an appropriation. The next designation of the character and size of the building is made by the court in the mandate issued herein against appellant. Thus it is plainly seen that those entitled to appeal on this question from the decision of the trustee have been denied an opportunity to be heard as to the character and size of the building. Our statutes on township school matters are designed to fur-

nish a complete system of checks to avoid such matters as the character, size, and location of school buildings being determined, irrespective of the views of the patrons and taxpayers, and without an opinion of the county superintendent, if properly asked. One purpose of the statutes is "to remove such questions from the mischiefs of judicial trials." *State, ex rel.* v. *Howard* (1910), 174 Ind. 358, 92 N. E. 115; *Advisory Board, etc.* v. *State, ex rel.* (1908), 170 Ind. 439, 85 N. E. 18.

This mandate goes to the extent of withdrawing from the trustee, and from those entitled to appeal, the right to a voice in determining the size and character of the building. The order commands too much, and the motion to modify the same should have been sustained.

Appellant's only witness, a surveyor, testified that by measurement, on an air line, as best he could make it, there existed, when this suit was commenced, and at the time of the trial, within three miles of a boundary line of Madison township, a high school building in which a high school was at said time conducted.

Some question was made as to whether it was proper that such measurements be made irrespective of the distance by roads, and irrespective of natural obstacles, on a straight line. We are not required by the record to pass on this question, but, as this cause may be retried, we deem it not improper to say that the language of the statute "no high school within three miles of any boundary line of such township" must be taken to mean what it says. The objection contemplates the convenience of pupils, but the three-mile provision contemplates that all high school pupils, no matter where they reside in the township, will be sufficiently accommodated if the building is not farther than three miles from either boundary. Hence a measurement by straight line is proper.

The judgment below is reversed, and a new trial ordered.

NOTE.—Reported in 120 N. E. .660. Mandamus: in matters involving schools, 98 Am. St. 878; judgment in, as bar to all the issues that might have been litigated therein, Ann. Cas. 1913B 541. See under (5) 23 Cyc 1313.