HUMPHREY v. CITY NATIONAL BANK OF EVANS-
VILLE ET AL.

[No. 23,928.   Filed March 18, 1921.]

1. PLEADING. — Complaint. — Sustaining Demurrer. — Filing
Amended Paragraphs.—Effect.—Waiver of Exceptions.—Addi-
tional paragraphs of complaint, filed after a demurrer has
been sustained to the original complaint, even though given
new numbers, constitute an amended complaint, the filing of
which waives plaintiff's exception to the ruling on the demurrer.
p. 300.

2. PLEADING.—Complaint.—Amendment.—Effect as to Prior
Pleadings.—The filing of an amended complaint, after the
sustaining of a demurrer to the original, takes out of the record
all answers and pleas addressed to the original complaint, and
all motions and demurrers addressed to such answers and pleas,
so that no question as to the sufficiency of the original para-
graphs as against demurrer and as to the sufficiency of the
facts alleged in an answer in abatement to such paragraphs, is
presented for review on appeal.   p. 301.

3. GARNISHMENT.—Bond.—Rights of Garnishee Defendant.—
Statutes.—In view of §966 Burns 1914, Acts 1897 p. 233, re-
quiring an undertaking payable to defendant in attachment,
and §985 Burns 1914, §950 R. S. 1881, giving to every de-
fendant the right to bring action on the undertaking, and §1278
Burns 1914, §1221 R. S. 1881, providing that no undertaking
shall be void "for want of form or substance or recital," etc.,
an undertaking running only in favor of the principal de-
fendant is sufficient as against garnishee defendant's motion
to quash, since the garnishee defendant, in event of breach of
any statutory condition, would have the same right of action
as the principal defendant.   p. 301.

4. GARNISHMENT.—Amending Complaint.—Bond.—A new bond
is not required on filing an amended complaint in attachment,
unless the amendment is in a material matter not embraced
in the original cause of action, so that where a complaint
against defendant and garnishee was amended by new para-
graphs merely alleging that defendant had changed its busi-
ness name, instead of averring coming into possession under
the last name of a contract made in the former name, a new
attachment bond was not required.   p. 302.

5. GARNISHMENT. — Complaint. — Demurrer. — Questions Pre-
sented.—Sufficiency of Bond.—A complaint in attachment and
garnishment is not required to allege anything about a bond

and undertaking, and where it does not contain such allegations, a demurrer for alleged want of facts does not present any question as to the filing or sufficiency of the attachment bond. p. 303.

6. NAMES.—*Assumed Business Name.*—*Failure to File Certificate.*—*Statute.*—*Construction.*—Section 9711a *et seq.* Burns 1914, Acts 1909 p. 358, requiring persons conducting business in the state under any name, etc., other than their real names to file a certificate with the clerk, etc., is a penal statute in derogation of a common-law right, and must be strictly construed. p. 303.

7. NAMES.—*Assumed Business Name.*—*Filing Certificate with Clerk.*—*Construction.*—Section 9711a *et seq.* Burns 1914, Acts 1909 p. 358, requiring persons transacting business in the state under an assumed name to file a certificate with the clerk, etc., does not fix any time within which the certificate shall be filed, nor provide that it shall be unlawful to continue conducting business as before, pending the filing of the certificate, nor that no business shall be transacted in any name other than the true name of the owner until the certificate is filed, and does not purport to prohibit the conduct of business in the designated manner without first filing a certificate. p. 305.

8. COMMERCE.—*Interstate.*—*Regulation.*—*Power of State.*—The state has no power to restrict interstate commerce, nor to prohibit a person from making a contract for the shipment to him from outside the state of a lawful subject of interstate commerce until after he shall have complied with a state regulation. p. 305.

9. CONSTITUTIONAL LAW.—*Statutes.*—*Construction.*—*Assumed Business Name.*—*Filing Certificate.*—If a reasonable construction can be given to §9711a *et seq.* Burns 1914, Acts 1909 p. 358, requiring filing of a certificate by persons conducting business under an assumed name, etc., which will not make it exceed the power of the legislature, that construction is to be preferred. p. 305.

10. NAMES.—*Assumed Business Name.*—*Filing Certificate.*—*Statutes.*—*Purpose.*—The purpose of §9711a *et seq.* Burns 1914, Acts 1909 p. 358, requiring the filing of a certificate by persons conducting business under an assumed name, etc., is to give information as to the persons who shall be named as defendants and served with process in event suit is brought on a cause of action arising out of any business done in the assumed name, or out of any contracts made in such name. p. 305.

11. CONTRACTS.—*Contract in Violation of Statute.*—*Validity.*—The common-law rule that, if a statute provides a penalty for

doing an act, any contract to do such act is void, does not apply where the contract is not immoral nor illegal and is not prohibited. p. 306.

12. NAMES.—*Assumed Business Name.—Failure to File Certificate.—Contracts.—Validity.—Statute.*—That one doing business under an assumed name fails to register his name and address, as required by §9711a *et seq. Burns* 1914, Acts 1909 p. 358, affords no ground for holding his contracts entirely void, for, if void, innocent parties dealing with him would be powerless to compel him to fullfil his contractual obligation. (Horning v. McGill [1919], 188 Ind. 332, overruled.) pp. 306, 308.

13. NAMES.—*Assumed Business Name.—Failure to File.—Action on Contract.—Matter in Abatement.*—In an action on a contract which is not for any cause made illegal, the fact that plaintiff has not properly registered his assumed business name in the clerk's office, as required by §9711a *et seq.* Burns 1914, Acts 1909 p. 358, so as to afford other parties the facility for suing him which is made a condition of his right to maintain suits, is matter in abatement to be pleaded by defendant. p. 307.

14. NAMES.—*Assumed Business Name.—Failure to File Certificate.—Presenting by Plea in Abatement.—Statute.*—In order to make available defendant's objection that plaintiff, suing on a contract, has not filed his certificate of assumed name within the state, as required by §9711a *et seq.* Burns 1914, Acts 1909 p. 358, and that his business is conducted within the state, such matter must be pleaded in abatement by defendant, where the complaint contains no averments in reference thereto. p. 307.

15. NAMES.—*Assumed Business Name.— Failure to File.— Burden of Proof.—Statute.*—In an action on contract defendant has the burden of proving that plaintiff has not filed his assumed business name, as required by §9711a *et seq.* Burns 1914, Acts 1909 p. 358, and that plaintiff's business is being conducted within the state, if such matters are relied upon to defeat the action. p. 307.

From Vanderburgh Superior Court; *Fred M. Hostetter,* Judge.

Action by Charles Humphrey against the City National Bank of Evansville and another. From a judgment for defendants, plaintiff appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 567.) *Reversed.*

*Joseph H. Iglehart* and *Eugene H. Iglehart*, for appellant.

*Daniel H. Ortmeyer*, for appellees.

EWBANK, J.—This was an action by appellant against the Cascade Packing Company, hereinafter called the appellee company, seeking to reach by attachment and garnishment certain money alleged to be in the hands of the City National Bank of Evansville, Indiana, hereinafter called the appellee bank.

On December 29, 1916, appellant filed his complaint in two paragraphs against the appellee company, each paragraph alleging in substance that appellant was doing business under the name and style of the Evansville Commerce Company; that on May 4, 1916, he entered into a contract in writing with the Anchor Fish Company, which was engaged in canning and selling salmon in the State of Washington; that the contract (as set out at length) was dated at Everett, Washington, and recited that the Anchor Fish Company had sold to Evansville Commerce Company certain salmon, at a price and on terms as stated, and that "goods are at risk of buyer from and after delivery to carrier," and that there had been a breach of the contract by said appellee whereby appellant was damaged, as stated.

The first and second paragraphs of complaint were the same, except that the contract set out in the first was for the purchase of 2,000 cases of "Chum Salmon," at seventy-five cents per dozen cans, and alleged a refusal to ship half of it, while the second paragraph set out a contract for the purchase of 1,000 cases of "pink salmon," at eighty cents per dozen, and alleged a refusal to ship any of it. Each paragraph also contained the following averment: "That subsequent to the 4th day of May, 1916, and prior to the commencement of this action the defendant (appellee), Cascade Packing Com-

pany, a corporation, for a valuable consideration became the owner of the contract hereinafter set out, and assumed the obligations by said contract imposed upon said Anchor Fish Company, and now is the owner of said contract and has assumed all of the obligations by said contract imposed upon said Anchor Fish Company, and in law occupies in relation to said contract the position originally assumed by said Anchor Fish Company at the time of the execution of said contract."

With this complaint appellant filed his own affidavit in attachment and garnishment, stating that the defendant was a foreign corporation. The sufficiency of this affidavit for the purpose stated is not questioned by the appellee. And the appellant also filed at the same time an undertaking by himself and sureties, conditioned that he "will prosecute his proceedings in garnishment in said action to effect, and will pay to said defendant all damages defendant may sustain if such proceedings shall be wrongful and oppressive." Upon this a general writ of attachment was issued, and was returned unexecuted, and a writ of garnishment, afterward quashed by the court, was issued to and served upon the appellee bank. The next day, upon presentation of the affidavit filed, as above stated, the court ordered that notice by publication be given to the appellee company, but the sufficiency of this publication being questioned, appellant filed his affidavit, stating that the appellee company was a foreign corporation and not a resident of the State of Indiana, but had property within the state, and that the object of the suit was to enforce plaintiff's demand by proceedings in attachment and garnishment. Upon this affidavit an order was made for notice by publication to the appellee company, proof of which publication was thereafter made, and at the same time a new summons in garnishment was

issued and served on the appellee bank. A motion by the appellee bank to quash the second summons and return for the alleged reason that the written undertaking filed with the complaint was not conditioned to pay damages sustained by the garnishee was overruled, and the bank reserved an exception. The appellee bank then filed an answer in abatement, to which a demurrer was sustained, and the bank excepted. It then demurred to each of the first and second paragraphs of the complaint, and its demurrers were sustained on October 2, 1917, to which rulings appellant excepted. Seven weeks later, on November 26, 1917, appellant filed his third and fourth paragraphs of complaint. The third paragraph counted on the same alleged contract as the first paragraph, and was identical with it, except that the allegations above set out that the appellee company became the owner of the contract sued on, and assumed the obligations thereby imposed on the Anchor Fish Company, and in law occupied in relation to said contract the position assumed by said Anchor Fish Company at the time the contract was executed, were all eliminated, and an averment was substituted, as follows: "That subsequent to the 4th day of May, 1916, and prior to the commencement of this action, said Anchor Fish Company in the manner sanctioned and provided by law changed its corporate name to the name "Cascade Packing Company," and that said Anchor Fish Company and said Cascade Packing Company was at all times herein referred to and now is one and the same corporation, and any and all rights, duties and obligations of said Anchor Fish Company were at all times and now are the rights, duties and obligations of said Cascade Packing Company."

The fourth paragraph of complaint counted on the same alleged contract as the second paragraph, and was identical with it, except for the same difference that was

made to exist between the third and first paragraphs, as above stated. The appellee bank filed an answer in abatement to the third and fourth paragraphs of complaint, alleging that it was only a garnishee defendant, and that after appellant's affidavit in garnishment was filed, and after notice by publication had been given to the principal defendant, as being a nonresident foreign corporation, demurrers were sustained to each of the first and second paragraphs of the complaint, and that upon subsequently filing his third and fourth paragraphs of complaint, the plaintiff did not file therewith or thereafter an affidavit stating the facts required by §§950, 966 Burns 1914, (§916 R. S. 1881; Acts 1897 p. 233) in cases of attachment and garnishment, or stating any facts at all; and asserting that thereby appellant had abandoned his proceeding in attachment and garnishment. To this answer in abatement the court sustained a demurrer, and the appellee bank excepted. It then filed a demurrer to each of the third and fourth paragraphs of complaint for the alleged reason that each paragraph did not state facts sufficient to constitute a cause of action, with a memorandum containing several specifications, of which the appellee bank has waived all but two by its failure to cite authorities or offer argument in support of them, but urges and relies on the following: (a) That neither paragraph avers that the appellant Charles A. Humphry, suing on a contract executed by him in the name of Evansville Commerce Company, is shown to have filed in the office of the clerk of the county in which his place of business or office is situated a certificate stating his full name and residence. (b) That appellant did not verify his third and fourth paragraphs of complaint, nor. file an affidavit, at or after the time they were filed, stating the facts which §§950, 966 Burns 1914, *supra,* require to be shown by affidavit in case of attachment and

garnishment, and therefore had abandoned his attachment.

The trial court sustained said demurrer to each of the third and fourth paragraphs of the complaint, and the appellant excepted. The appellee company, not having appeared, was thereupon defaulted, and appellant refusing to plead further, the court rendered a judgment "that the plaintiff take nothing by his suit, and that the said garnishee defendant, the City National Bank of Evansville, Indiana, recover of and from the plaintiff its costs," etc. A term appeal was duly perfected by appellant.

The appellant has assigned as errors the action of the trial court in sustaining the demurrers to each paragraph of his complaint. And the appellee bank has assigned as cross-errors (1) the overruling of its motion to quash the summons and return, (2) the sustaining of appellant's demurrer to its answer in abatement to the first and second paragraphs of the complaint, and (3) the sustaining of appellant's demurrer to its answer in abatement to the third and fourth paragraphs of the complaint.

The established rule of law is that where a plaintiff, after the court has sustained a demurrer to each paragraph of his complaint, files further paragraphs of complaint, they constitute an amended complaint, even though the plaintiff may give them new numbers, such as calling them paragraphs 3 and 4, where the ones to which the demurrer was sustained were denominated paragraphs 1 and 2, and that, by thus pleading further after a demurrer was sustained to the paragraphs of his original complaint, the plaintiff waived his exceptions to the ruling on such demurrer. *Jouchert* v. *Johnson* (1886), 108 Ind. 436, 437, 9 N. E. 413; *Scheiber* v. *United Tel. Co.* (1899), 153 Ind. 609, 610, 55 N. E. 742; *Harvey* v. *Hand* (1911), 48

Ind. App. 392, 394; 95 N. E. 1020; *Trisler* v. *Trisler* (1876), 54 Ind. 172.

And it is equally well established that the filing of such an amended complaint takes out of the record all answers and pleas addressed to the original complaint, and all motions and demurrers addressed to such answers and pleas. *Kaufman* v. *Alexander* (1913), 180 Ind. 670, 672, 103 N. E. 481; *Indianapolis, etc., R. Co.* v. *Center Tp.* (1895), 143 Ind. 63, 71, 40 N. E. 134; *Britz* v. *Johnson* (1879), 65 Ind. 561, 562; §691 Burns 1914, §650 R. S. 1881.

It follows that no questions as to the sufficiency of the first and second paragraphs of the (original) complaint to withstand the demurrers which were sustained to them, or of the sufficiency of the facts alleged in the answer in abatement to those paragraphs, are presented by the record.

In support of its contention that the summons in garnishment ought to have been quashed, the appellee bank insists that the undertaking filed with the complaint was insufficient. It recited that the principal and sureties "undertake and agree to and with Cascade Packing Company, defendant, * * * that * * * plaintiff * * * will prosecute his proceedings in garnishment in said action to effect, and will pay to said defendant all damages defendant may sustain if such proceedings shall be wrongful and oppressive." The statute requires that the undertaking shall be "payable to the defendant therein," conditioned to "pay to the defendant all damages he may sustain," etc. §966 Burns 1914, *supra*. And it further provides that "every defendant shall be entitled to an action on the written undertaking," if aggrieved by breach of its conditions. §985 Burns 1914, §950 R. S. 1881.

Appellee bank urges that it was also a defendant, and

the one most likely to be aggrieved by a breach of the
bond, and that the law required that the undertaking
should also be payable to said appellee, as garnishee de-
fendant. But if we assume that this was required by
the statutes, they further provide that: "No  *  *  *
written undertaking taken by any officer in the dis-
charge of the duties of his office, shall be void for want
of form or substance or recital or condition, nor the
principal or surety be discharged; but  *.  *  *  shall
be bound by such  *  *  *  undertaking to the full ex-
tent contemplated by the law requiring the same,"
etc. §1278 Burns 1914, §1221 R. S. 1881.

And since the garnishee defendant, in case of the
breach in any statutory condition, would have the same
right of action upon a defective undertaking as upon
a bond which contained the proper recitals and condi-
tions, the motion to quash the summons for alleged in-
sufficiency of the undertaking was properly overruled.

The appellee bank pleaded in abatement of the third
and fourth paragraphs of complaint the conclusion that,
after demurrers were sustained to each of the
4. first and second paragraphs of the complaint,
appellant did not amend them, and the fact that
appellant did not file any further bond or undertaking,
either at or after the time he filed his second and third
paragraphs of complaint. As to the first proposition
counsel for appellee are in error. As stated above, the
third and fourth paragraphs of the complaint, consti-
tuted in law an amendment of the first and second para-
graphs. As to the second proposition, a new bond is
not required on filing an amended complaint in attach-
ment, unless the amendment is in a material matter not
embraced by the original cause of action, such as sub-
stituting a new plaintiff, or adding a new demand not
previously sued on. *Fargo & Co.* v. *Cutshaw* (1894),
12 Ind. App. 392, 396, 39 N. E. 532; *E. I. Dupont Co.*

v. *Pennsylvania, etc., Coal Co.* (1911), 48 Ind. App. 538, 540, 96 N. E. 204; *Waring* v. *Fletcher* (1899), 152 Ind. 620, 625, 627, 52 N. E. 203.

But in this case the third paragraph of complaint only differed from the first paragraph, and the fourth only differed from the second, in that an averment that the Anchor Fish Company had changed its name to the Cascade Packing Company, and that the latter company was the same corporation that executed the contract, was substituted for the averment of the conclusion that the Cascade Packing Company "occupies in relation to said contract the position originally assumed by said Anchor Fish Company at the time of the execution of said contract." The parties, the contracts sued on, and all the other facts, except as stated, are identical, the third and fourth paragraphs being in all other respects exact copies of the first and second. Such a slight amendment of the complaint did not make it necessary to file a new undertaking, and the demurrer to said plea in abatement was properly sustained.

What has been said would also dispose of the contention of the appellee bank that the third and fourth paragraphs of complaint were insufficient on demurrer because a new undertaking was not filed with them, if such a question were properly before us. But, since the complaint is not required to allege anything about a bond or undertaking, and this complaint did not do so, the demurrer for alleged want of facts did not present any question as to the filing or sufficiency of an attachment bond.

Finally, it is urged by counsel for the appellee bank that each paragraph of the complaint was insufficient for failure to state facts showing that the plaintiff had complied with §§9711a-9711c Burns 1914, Acts 1909 p. 358, by filing in the office of the clerk of the circuit court of the county in which

his place of business was situated a certificate stating the full name and residence of each person transacting business under the name of the Evansville Commerce Company. The third section (§9711c Burns 1914, *supra*) of the statute cited imposes a fine of not more than $100 for any violation of its provisions. And the first and second sections restrict in some measure a right which all persons enjoyed under the common law of transacting business and making contracts in any name they chose to adopt. Being a penal statute and in derogation of a common-law right, it must be strictly construed. *State* v. *Pence* (1909), 173 Ind. 99, 104, 89 N. E. 488, 25 L. R. A. (N. S.) 818, 140 Am. St. 240, 20 Ann. Cas. 1180; *Chicago, etc., R. Co.* v. *Glover* (1902), 159 Ind. 166, 168, 62 N. E. 11.

The first section of the statute in question (§9711a Burns 1914, *supra*) provides that any person or persons conducting or transacting business in this state under any name other than the real name or names of such persons shall file in the office of the clerk of the circuit court of the county in which a place of business so conducted is situated a certificate stating the full name and residence of each person engaged in or transacting such business. But the second section (§9711b Burns 1914, *supra*) provides that the statute shall not apply to a corporation doing business under its true corporate name, nor to a firm or copartnership using a name which includes the surnames of the copartners or firm, nor to any church, lodge, or association conducting business in the name of trustees under a declaration of trust, in writing, that has been recorded in such county. This statute was approved March 8, 1909, and took effect upon the publication of the statutes, April 5, 1909. And whatever persons were conducting and transacting business in the state under names other than their own at the time the law was enacted had

a lawful right to continue to do so until the statute took effect. 29 Cyc 270.

The statute does not fix any time within which such persons were required to file a certificate, nor provide that it shall be unlawful to continue conducting

7. business as before, pending the filing of the required certificate, nor that no business shall be transacted in any name other than the true name of the owner until a certificate is filed, nor does it contain any language purporting to prohibit the conduct of business in the designated manner without first filing a certificate. And obviously a contract for the purchase of a quantity of fish was not, in itself, either immoral or otherwise illegal.

The state has no power to restrict interstate commerce, nor to prohibit a person from making a contract for the shipment to him from outside the state

8, 9. of a lawful subject of interstate commerce until after he shall have complied with a state regulation. 5 R. C. L. 770, §88. And if a reasonable construction can be given to this statute which will not make it exceed the power of the legislature, that construction is to be preferred. *Smith* v. *State, ex rel.* (1918), 187 Ind. 594, 601, 120 N. E. 660.

The statute under consideration (§9711a *et seq.* Burns 1914, *supra*) provides that the clerk with whom they are filed shall keep a record of such certif-

10. icates and a cross index of the names of the persons and of the firms and partnerships filing certificates, and shall index each name of a person, firm, or partnership alphabetically, with a reference to the title under which each person does business, and to the names of the persons doing business under each name adopted. Its obvious purpose is to give information as to the persons who shall be named as defendants and

served with process in case suit is brought on a cause of action arising out of any business done in the assumed name, or out of any contracts made in such name.

Statutes of this kind have been enacted many times in the past, especially in relation to nonresident corporations doing business in this state. And where the business done was of a kind not restricted nor controlled by law, and it was obvious that the purpose of a statute was merely to enable the courts to obtain jurisdiction of the persons so transacting business, and not to make the business unlawful, the courts have uniformly held that, in addition to the imposition of a penalty for failure to obey the statute, the effect of such a statute was to bar a plaintiff from maintaining an action growing out of business to which it applied until the statute was complied with. *Walter A. Wood, etc., Mach. Co.* v. *Caldwell* (1876), 54 Ind. 270, 276, 23 Am. Rep. 641; *Singer Mfg. Co.* v. *Brown* (1878), 64 Ind. 548, 551; *Phenix Ins. Co.* v. *Pennsylvania R. Co.* (1893), 134 Ind. 215, 219, 33 N. E. 970, 20 L. R. A. 405; *Security Sav., etc., Assn.* v. *Elbert* (1899), 153 Ind. 198, 203, 54 N. E. 753.

The common-law rule that, if a statute provides a penalty for doing an act, any contract to do such act is void, does not apply where the contract is not

11. immoral nor illegal and is not prohibited, but the statute merely provides that certain classes of persons making such contracts shall do a specified act towards submitting themselves to the jurisdiction of the courts. *Walter A. Wood, etc., Mach. Co.* v. *Caldwell, supra,* and authorities cited.

That the plaintiff, doing business under an assumed name, failed to register his name and address could afford no ground for holding the contract entirely

12. void, for if void, it could not be enforced against him on behalf of the other contracting party;

but his default in failing to comply with the law should not be made a ground for freeing him from his own obligation, the other party to the contract being innocent. *Phenix Ins. Co. v. Pennsylvania R. Co., supra.*

And in an action on a contract which is not for any cause made illegal, the fact that the plaintiff has not properly registered himself in the clerk's office, 13. so as to afford other parties the facility for suing him which is made a condition of his right to maintain suits, is matter in abatement, to be pleaded by the defendant. *Walter A. Wood, etc., Mach. Co. v. Caldwell, supra,* 281; *Singer Mfg. Co. v. Brown, supra; People's Bldg., etc., Assn. v. Markley* (1901), 27 Ind. App. 128, 131, 134, 60 N. E. 1013; *North Mercer Nat. Gas Co. v. Smith* (1901), 27 Ind. App. 472, 474, 61 N. E. 10.

No question is here involved as to the effect of an answer pleading facts showing that the required certificate had not been filed, and that it had become impossible to file such a certificate, as in the cases cited below. *Swing v. Toner* (1912), 178 Ind. 102, 104, 96 N. E. 946; *Weistling v. Warthin* (1890), 1 Ind. App. 217, 222, 27 N. E. 576; *Swing v. Wellington* (1909), 44 Ind. App. 455, 463, 89 N. E. 514.

The complaint in this case does not state where the plaintiff was engaged in transacting business, but only that he was doing business as the Evansville 14, 15. Commerce Company, and that he made certain contracts with a foreign corporation, dated at Everett, Washington, in which he was named as "Evansville Commerce Company, Evansville, Indiana." Neither does it state whether or not, if the plaintiff's place of business is in Indiana, he has complied with the statute by filing a proper certificate in the county where his business is conducted. As to both of these matters, if relied on to defeat the action, the defendant

would have the burden of proof, and, the complaint being silent on these subjects, the defendant must plead in abatement facts showing that plaintiff's business is conducted within the state, and that the statute has not been complied with, in order to make them available as a defense.

In so far as the opinion in the case of *Horning* v. *McGill* (1919), 188 Ind. 332, 334, 116 N. E. 303, holds that a contract entered into under the circum-

12. stances therein stated was "wholly void," it is overruled.

The judgment is reversed, with directions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Townsend, J., absent.