## HORNING v. McGILL.

[No. 23,269. Filed May 31, 1917. Rehearing denied June 4, 1919.]

1. CONTRACTS.—*In Violation of Statute.—Recovery.*—There can be no recovery on a contract made in violation of a statute as between the parties thereto, the violation of which is prohibited by a penalty. p. 334.

2. NAMES.—*Assumed Business Name.—Failure to File Certificate.*—The failure of the plaintiff to comply with §9711a *et seq.* Burns 1914, Acts 1909 p. 358, requiring persons conducting business in the state under any name, etc., other than their real names to file certificates with the clerk, etc., renders void and prevents recovery on a sales contract made by him. p. 334.

From the St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Emanuel M. Horning against William McGill. From a judgment for the defendant, the plaintiff appeals. *Affirmed.*

*Lenn J. Oare* and *Russell W. Geyer,* for appellant.

*John W. Kitch* and *John S. Buczkowski,* for appellee.

ERWIN, C. J.—This action was in replevin, brought by appellant against appellee before a justice of the peace. Appeal was taken to the circuit court. The complaint in one paragraph alleges unlawful detention of personal property, which complaint was answered in three paragraphs. Demurrer to second and third paragraphs of answer was sustained. Appellee then filed his amended second paragraph of answer. Upon the issues so joined trial was had. At the end of plaintiff's (appellant's) evidence appellee made a motion for a peremptory instruction to direct a verdict for defendant (appellee), which was sustained by the court. The court thereupon directed a verdict for appellee. Overruling of the motion for a new trial is assigned as error in this court. The only question for the consideration of this court is the giving by the court of the peremptory instruction to the jury directing a verdict for the defendant.

The evidence shows that appellee entered into a contract of sale for certain articles with the East Jefferson Boulevard Furniture Store; that appellant was the owner of the said store; that no certificate showing ownership was filed with the clerk of the county.

The statute in this state makes it unlawful for any person or persons conducting or transacting business in this state under any name, designation, or title other than the real name or names of the persons conducting such business without first filing a certificate stating the firm or partnership, place of business, and the full name and residence of the persons engaged in or transacting such business, with the clerk of the circuit court of the county in which place or places of business may be situated. Acts 1909 p. 358, §9711 *et seq.* Burns 1914. The appellant had not complied with the provisions of this law.

"If the statute prescribes what shall be done before

334    SUPREME COURT OF INDIANA,

Chicago, etc., R. Co. v. Public Service Commission—188 Ind. 334.

the right to do a certain thing, or carry on a certain business, is granted, and prohibits such business under penalty, the fact that the violation of the act is made a misdemeanor implies a prohibition, and gives to it the same effect it would have if the statute expressly declared void contracts made in carrying on such business." *Beecher* v. *Peru Trust Co.* (1911), 49 Ind. App. 184, and cases cited on page 187, 97 N. E. 23, 25.

"That there can be no recovery on a contract made in violation of a statute, as between the parties thereto, the violation of which is prohibited by a penalty, is a

1. principle well recognized by the courts. This is true, although the statute does not, in terms, pronounce the contract void nor expressly prohibit the same." *Sandage* v. *Studebaker Bros. Mfg. Co.* (1895), 142 Ind. 148, and cases cited on page 156, 41 N. E. 380, 382, 34 L. R. A. 363, 51 Am. St. 165.

The statute, as to registering the name under which appellant desired to conduct his business, not having been complied with, the contract of sale under

2. which appellant claims title to the property in question is wholly void, and the court did not err in directing a verdict for appellee.

Judgment affirmed.

NOTE.—Reported in 116 N. E. 303.