## AYRES v. McNEELY ET AL.

[No. 10,778.   Filed April 8, 1921.]

PARTNERSHIP.—*Assumed Business Name.*—*Failure to File Certificate.*—*Contracts.*—*Validity.*—*Statutes.*—A contract, which is neither immoral nor illegal, by persons doing business under a firm name other than their real names is not void because

of the failure to file the certificate required by §9711a Burns 1914, Acts 1909 p. 358, providing that a certificate shall be filed by a party using an assumed business name showing all persons acting thereunder, and though §9711c Burns 1914, declares that any person doing business in violation of the act is guilty of a misdemeanor and subject to a fine, plaintiff, who contracted with defendants, doing business under a name other than their own, cannot, for that reason, recover an amount paid, in the absence of a showing that defendants refused to carry out the contract.

From Vanderburgh Superior Court; *Robert J. Tracewell*, Judge.

Action by Clayborn C. Ayres against Fred W. McNeely and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*John W. Spencer, Merritt H. Perkins, Val Nolan* and *John W. Spencer, Jr.*, for appellant.

*W. D. Robinson* and *W. E. Stilwell*, for appellees.

McMAHAN, J.—Complaint by appellant, alleging that appellees, doing business under a firm name other than their real names, entered into an agreement with appellant by the terms of which they agreed to install in his residence a lighting plant at a cost of about $500, $150 of which appellant paid to appellees at the time of the execution of the contract; that appellees had failed to file in the office of the clerk of the circuit court of the county wherein appellees were doing business a certificate, stating the names and places of residence of the persons engaged in such business, as required by §9711a Burns 1914, Acts 1909 p. 358; that appellees represented that they were competent, able and qualified to enter into such contract; that they could not lawfully enter into such contract, and that it was void by reason of their failure to comply with said section.

The only question for our consideration is the correctness of the action of the court in sustaining a de-

murrer to this complaint.   Appellants contend that the contract wherein appellee agreed to install the lighting plant is void because of appellee's failure to comply with §9711a, *supra,* requiring any one doing business under a name other than his own to file a certificate with the clerk of the circuit court of the county wherein he is doing business.   Any person doing business in violation of this section is guilty of a misdemeanor, and subject to a fine of not to exceed $100.   §9711c Burns 1914, Acts 1909 p. 358.   The Supreme Court in *Horning* v. *McGill* (1917), 188 Ind. 332, 116 N. E. 303, held that a contract made by a person doing business in violation of said section was wholly void. This case, however, has been overruled in the recent case of *Humphry* v. *City Nat. Bank* (1921), 190 Ind. ——, 130 N. E. 273, where it was held that in an action commenced by a person doing business without having complied with this statute, the failure to file such certificate did not render the contract wholly void, but such failure could be pleaded in abatement rather than in bar.   Under the holding in the case last cited the contract mentioned in the complaint was not void.

It will be observed that the complaint does not allege that the appellees failed or refused to perform the contract.   In fact they may have been able and willing to install the lighting plant according to the terms of the contract, although they might not have been able to collect their pay by suit until they had complied with §9711a, *supra.*   The complaint herein having failed to allege a failure or refusal of appellees to perform their part of the contract failed to state a cause of action.

The contract which appellees entered into with appellant was neither immoral nor illegal.   It was not prohibited by statute.   The statute merely required that appellees should do a specified act towards submitting themselves to the jurisdiction of the court.   Appellees'

default in failing to comply with the law is no ground for freeing them from their obligation to perform the contract, the other party, appellant, being innocent. *Humphry* v. *City National Bank, supra.*

Judgment affirmed.