## RERICK v. IRELAND.

[No. 10,970.   Filed June 23, 1921.]

PARTNERSHIP.—*Failure to File Assumed Business Name.—Sale of Business.— Purchase Price Notes.— Validity.— Statute.—* §9711a Burns 1914, Acts 1909 p. 358, requiring the filing of a certificate by parties using an assumed business name, showing all persons acting thereunder, does not invalidate a contract for the sale of a partnership business which had been theretofore conducted under an assumed name without the filing of such certificate, or notes given for the purchase price of the business, the contract and notes being in the names of the partners as individuals and not in the assumed name.

From St. Joseph Superior Court; *C. R. Montgomery,* Judge.

Action by Rachael Ireland against Leon H. Rerick. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Louis M. Hammerschmidt,* for appellant.
*Arthur L. Gilliom,* for appellee.

NICHOLS, P. J.—Appellee and her son-in-law, Edward R. Esch, were partners engaged in the general transfer business, under the firm name and style of Ireland Transfer Company. They had been conducting the business for a number of years during which time they had failed to file a certificate with the clerk of the circuit court stating the full name and residence of each partner as required by §9711a Burns 1914, Acts 1909 p. 358. Eventually, on November 19, 1919, appellee and said Esch sold said business, including the personal property, and the right to use the name Ireland Transfer Company, to appellant. In part payment certain notes secured by the chattel mortgage here involved were taken, the note in suit being a renewal of a part of one of said notes which had not been paid, and which renewal note was by agreement secured by said chattel mortgage. The contract of sale was signed and executed by them individually, and not as partners, and the notes and mortgage were made to them individually, and not as partners. Appellant says that appellee, with Esch, was conducting and transacting business in violation of the statute, and that therefore any contract which grew out of that business was and is void, and that as the note grew out of such illegal contract, it is unenforceable. Appellant is in error in his contention. The language of the statute is: "That any person or persons conducting or transacting business in this state in any name, designation or title other than the real name or names of the person or persons," etc. The contract here involved did not grow out of conducting a busi-

ness, but out of a purpose to discontinue it. Further, the individual names of appellee and her co-owner were used in the contract, and in the notes and chattel mortgage. The partnership name does not appear. The statute clearly contemplates the inhibition of conducting a business under an assumed name, and is manifestly intended to protect the public against imposition and fraud, by preventing responsible partners from concealing their identity. Under a similar statute in Michigan, the question has been decided against appellant's contention. *Rossello* v. *Trella* (1919), 206 Mich. 20, 172 N. W. 420; *Jones* v. *Titus* (1919), 208 Mich. 392, 175 N. W. 257; *Hines* v. *Pictorial Review Co.* (1916), 192 Mich. 256, 158 N. W. 894. For further construction of this statute, see *Humphry* v. *City Nat. Bank* (1921), 190 Ind. 292, 130 N. E. 273; *Ayres* v. *McNeely* (1921), 75 Ind. App. 327, 130 N. E. 539.

The judgment is affirmed.