WILLIAM Q. HUEY *vs.* EUGENE S. PASSARELLI & another.

Suffolk.    April 5, 1929. — June 5, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract,* Validity.  *Name.  Statute,* Construction.  *Business. Certificate.*

In an action by an individual engaged in the business of a house painter against the owner of a house for sums alleged to be due to the plaintiff under the provisions of a contract in writing, it is no defence that the contract was made by the plaintiff under a business name which did not contain his name, that, at the time the contract was made and was being performed, he was conducting business in the Commonwealth under that name, and that he had not complied with the provisions of G. L. c. 110, § 5, with respect to the filing of his name and address as thus conducting such business.

Review by PIERCE, J., of authorities bearing on the question, whether a statute forbidding an act to be done, or enjoining the mode of doing it, is prohibitory, so as to make any contract in violation of it absolutely void, or whether it is directory in its purpose, and does not necessarily invalidate the contract.

CONTRACT with a declaration as amended upon an account annexed containing items alleged to be due under the

contract in writing described in the opinion. Writ in the Municipal Court of the City of Boston dated June 27, 1928.

Material facts appearing, and an agreement of counsel made at the trial in the Municipal Court are stated in the opinion. The judge found for the plaintiff in the sum of $354.15 and reported the action to the Appellate Division. The report was ordered dismissed. The defendants appealed.

The case was submitted on briefs.

*H. B. Newton & H. E. Weir*, for the plaintiff.

*H. V. Knight*, for the defendants.

PIERCE, J.  This is an action of contract to recover under the common counts the sums of $29.15 for several items, and $575 for the painting of the defendant's house. The plaintiff admitted in his count upon the written contract a payment by the defendants of $250 on account of the contract. The judge of the Municipal Court found for the plaintiff in the sum of $354.15 and reported all the material evidence to the Appellate Division for determination. The Appellate Division ordered the "Report dismissed," and the case comes before us on the appeal of the defendants from the final decision of the Appellate Division.

The written contract declared on was signed "Boston Bronzing & Painting Company, by Wm. Q. Huey" "Eugene Passarelli E. Passarelli, Owner." "At the close of the trial the plaintiff admitted and the court found as a fact, that the plaintiff had not filed a business certificate as required by the provisions of G. L. c. 110, § 5," which reads: "Any person conducting business in the Commonwealth under any title other than the real name of the person conducting such business, whether individually or as a partnership, shall file in the office of the clerk of every town where an office of any such person or partnership may be situated a certificate stating the full name and residence of each person conducting such business. The clerk shall keep a record of such certificates and an index of the names of such persons and partnerships, entering in such index in alphabetical order the name of every person and the title under which he conducts business, and of every partnership with the names

of the members thereof. Violation of this section shall be punished by a fine of not more than one hundred dollars for each month during which such violation continues." The report discloses that the plaintiff's son had the same business address and telephone number as the plaintiff and conducted business under the name Boston Bronze & Paint Co. with the knowledge of the plaintiff; that the plaintiff's son negotiated the details regarding the painting of said house and introduced the defendant Eugene Passarelli to the plaintiff on the occasion when the contract was signed, at which time nothing was said as to who was the proprietor of the business. The report further discloses that there was evidence on behalf of the defendants, and denied by the plaintiff, of three further payments. The plaintiff testified that the son was not authorized to act as his agent to accept payments or otherwise and that at least on one occasion, namely, on May 16, 1928, he informed the defendants that payments were to be made to no one except himself. There was no evidence at the trial that the defendants had ever examined the records of the city clerk or caused them to be examined, nor that they knew prior to the trial that no business certificate had been filed by the plaintiff.

At the trial it was "agreed by the plaintiff and the defendants that if under the circumstances the failure to file a business certificate as required by G. L. c. 110, § 5, is sufficient as a matter of law to bar the plaintiff from recovery in this action, then judgment may be entered for the defendants, but if the said failure to file a business certificate is not sufficient under the circumstances as a matter of law to prevent recovery by the plaintiff in this action, then the finding of the court may stand and judgment be entered for the plaintiff on the finding." It is assumed that the judge found the defence of further payments at least not proved, and that the only question for decision is whether, as matter of law, "under the circumstances" the plaintiff is barred from recovery by reason of his failure to file the certificate required by G. L. c. 110, § 5.

"It is often a difficult question to determine whether a statute forbidding an act to be done, or enjoining the mode of

doing it, is prohibitory, so as to make any contract in violation of it absolutely void, or whether it is directory in its purpose, and does not necessarily invalidate the contract." *Bowditch* v. *New England Mutual Life Ins. Co.* 141 Mass. 292, 293. *Eastern Expanded Metal Co.* v. *Webb Granite & Construction Co.* 195 Mass. 356, 361. Concerning the rule to be applied in case of a statute prohibiting or enjoining things to be done with a prohibition and a penalty or a penalty only for doing a thing which it forbids, it is said in *Harris* v. *Runnels,* 12 How. 79, at page 84: "the statute must be examined as a whole, to find out whether or not the makers of it meant that a contract in contravention of it should be void, or that it was not to be so. In other words, whatever may be the structure of the statute in respect to prohibition and penalty, or penalty alone, that it is not to be taken for granted that the legislature meant that contracts in contravention of it were to be void, in the sense that they were not to be enforced in a court of justice . . . . It is true that a statute, containing a prohibition and a penalty, makes the act which it punishes unlawful, and the same may be implied from a penalty without a prohibition; but it does not follow that the unlawfulness of the act was meant by the legislature to avoid a contract made in contravention of it." It is also true that "When the statute is silent, and contains nothing from which the contrary can be properly inferred, a contract in contravention of it is void. It is not necessary, however, that the reverse of that should be expressed in terms to exempt a contract from the rule. The exemption may be inferred from those rules of interpretation, to which, from the nature of legislation, all of it is liable when subjected to judicial scrutiny. That legislators do not think the rule one of universal obligation, or that, upon grounds of public policy, it should always be applied, is very certain." Citing *Harris* v. *Runnels, supra,* it was said in *Barriere* v. *Depatie,* 219 Mass. 33, at page 36: "The statute [R. L. c. 103] is to be read as a whole to ascertain the legislative purpose, and, unless it is necessary to hold the contract void in order to accomplish that purpose, the inference is that the statute was not intended to be prohibitory of the contract." See also *Pal-*

*migiani* v. *D'Argenio*, 234 Mass. 434, 435, 436; *Somers* v. *Commercial Finance Corp.* 245 Mass. 286, 290; *Rogers* v. *Abbott*, 248 Mass. 220, 224.

There is a large class of cases in which the statutes have enacted, in substance, that goods should be sold only in certain manners, or in a certain manner, or after being inspected and branded by public officers; and it has been held that contracts of sale which do not meet the requirements of such statutes are absolutely void, for the reason that the purpose of such statutes is to protect the buyer from the imposition and fraud of the seller; that purpose would be wholly thwarted unless the contracts are held to be void. *Miller* v. *Post*, 1 Allen, 434. *Libby* v. *Downey*, 5 Allen, 299. *Sawyer* v. *Smith*, 109 Mass. 220. A like legislation, purposed to hold unenforceable contracts with unlicensed persons required by law to be licensed before practising a profession, trade or employment, may be presumed, where the license required by statute is not imposed for revenue purposes only but requires registration or licensing primarily for the purpose of protecting the public from acts evil in themselves or detrimental to good morals or from improper, incompetent or irresponsible persons, as in the case of unregistered or unlicensed druggists, physicians, lawyers, brokers, money lenders or pedlers of goods. *Stewartson* v. *Lothrop*, 12 Gray, 52. *Ames* v. *Gilman*, 10 Met. 239. *Creditors National Clearing House, Inc.* v. *Bannwart*, 227 Mass. 579. *Whipple* v. *Grandchamp*, 261 Mass. 40.

The statute under consideration does not in terms say that contracts entered into before the statute shall have been complied with shall be void; therefore, the question left open is, Was it the intention of the legislation to establish thereby a general police regulation to safeguard the public health or morals or to protect the general public from fraud or imposture, as was held in *Horning* v. *McGill*, 188 Ind. 332, *Hunter* v. *Big Four Auto Co.* 162 Ky. 778, *Cashin* v. *Pliter*, 168 Mich. 386, *Solomon* v. *Weiner*, 188 Mich. 114, and in *Courtney* v. *Parker*, 173 N. C. 479. The force of these citations is lessened by the fact that *Horning* v. *McGill* apparently is overruled by *Humphrey* v. *City National Bank*, 190 Ind. 293, and by

*Piggly-Wiggly Stores, Inc.* v. *Lowenstein,* 197 Ind. 62, and by legislation in Michigan and North Carolina to the effect that the failure to comply with the statute requiring persons carrying on business under a fictitious name to file a certificate shall not prevent a recovery by such persons in a civil action.

Against the position taken in these decisions, that the statute applies both to debtor and creditor and that the object is not limited merely to the protection of persons giving credit to those doing business under an assumed name, the clear majority rule is that the only purpose of the statute is to protect persons giving credit to those doing business under an assumed name, *Zimmerman* v. *Erhard,* 83 N. Y. 74, *Gay* v. *Seibold,* 97 N. Y. 472; and that statutes of the character of the one under consideration are to be strictly construed because they are penal and are in derogation of the common law which permits, in the absence of fraud, a person to adopt any name, style or signature wholly different from his own name by which he may transact business, execute contracts, and issue negotiable paper. *William Gilligan Co.* v. *Casey,* 205 Mass. 26. *Rand* v. *Farquhar,* 226 Mass. 91, 97. *Union Brewing Co.* v. *Interstate Bank & Trust Co.* 240 Ill. 454. *Swanson Automobile Co.* v. *Stone,* 187 Iowa, 309. To the position that the contract was enforceable see cases collected in annotation to *Kusnetsky* v. *Security Ins. Co.* 313 Mo. 143; 45 Am. L. R. 189, 198, *et seq.*

In the opinion of a majority of the court the order "Report dismissed" must be affirmed.

*So ordered.*