Gillen, J.
This is an action of contract in which the plaintiff seeks to recover the sum of Seventy-nine and 75/100 ($79.75) Dollars claimed due as liquidated damages under the terms of a written conditional contract of sale for a stove, a copy of which contract is made a part of the report and marked “Contract A”.
The answer is a general denial, that the contract relied upon is illegal as being in violation of General Laws, Chapter 255 as amended, that the contract is illegal and contrary to public policy, that the stove was defective and not suitable for the purposes made known to the plaintiff, and that the plaintiff took back the stove upon the understanding that any debt due on account thereof would be discharged.
• At the trial there was evidence tending to show:
The defendant purchased of the plaintiff on December 10, 1938, a certain stove under a written conditional sales contract, which provided that title should remain in the plaintiff until full performance of the agreement. The terms relating to the merchandise and price appear as follows:

*351
Schedule of Merchandise Amount

1 Brown & Ivory Magee Range with double mantel ................................. $109.75
Finance charge............................ 6.60
$116.35
It is further provided in this agreement in part as follows: “This agreement provides that 6% is to be added on the amount due one year from this date and. each succeeding year,” and that “two dollars payable fortnightly for the next two months thereafter two dollars payable weekly until the amount paid shall equal the sum total of the above schedule, including the finance charge above stated and an additional finance charge of 6% on the yearly balance”. “If I fail to make payments as herein agreed or if I fail to perform any of the provisions of this lease then said Moller’s, Inc., (plaintiff) may repossess all of the merchandise herein mentioned and may retain as rental for the use of said merchandise all sums paid by me (defendant) and if the sums so retained, plus the fair value of the merchandise repossessed as determined by said Moller’s, Inc., shall not equal the whole sum due and payable plus any expenses incurred I agreed upon demand to pay the difference as liquidated damages.” A witness for the plaintiff testified that the defendant’s attorney had a telephone conversation with him that the defendant wanted to return the stove, defendant claiming the same was defective, and that plaintiff sent for it and received it. That after allowing the defendant certain credits, including the fair value of the stove, the balance, as shown by the plaintiff’s records, was' Seventy-one and 35/100 ($71.35) Dollars. Counsel for the plaintiff admitted that the contract upon which the plaintiff relies, was, at the time of its execution, subject to the provisions of Chap *352 ter 367 of the Acts of 1938. It was agreed that the plaintiff took possession of the stove with the defendant’s consent.
At the close of the trial and before the final arguments, the defendant made the following requests for rulings:
1. The evidence is sufficient to warrant a finding that the stove delivered to the defendant was defective and not suitable for the purposes made known to the plaintiff, and that the defendant seasonably notified the plaintiff thereof.
2. The evidence is sufficient to warrant a finding that the plaintiff took possession of the stove on its own account with the buyer’s consent, thus terminating the contract.
3. The contract upon which the plaintiff relies was at the time of its execution subject to the provisions of Chapter 255 of the General Laws, Section 13, as revised by Chapter 367 of the Acts of 1938.
4. The aforesaid contract was in violation of Chapter 255, Section 13c, as revised.
5. Violation of said statute is against public policy and renders such contract void.
6. The evidence warrants a finding that the plaintiff took back said stove with the understanding that any debt due from the defendant to the plaintiff for said stove would be discharged.
7. If the Court should find that the stove was taken back without the defendant’s consent, then the defendant requests the Court to rule that the evidence does not warrant a finding that the plaintiff complied with Section 13 of Chapter 255 of General Laws, and hence cannot maintain its action.
The Court ruled on the defendant’s requests as follows.
1. Granted, but such evidence was not compelling and I do not so find.
2. Inapplicable. I find the plaintiff took back the stove with the assent of the defendant, but there was m agreement to terminate the agreement and the contract was not terminated.
*353 3. Granted.
4. Denied.
5. Inapplicable. See 4.
6. Granted, but such evidence was not compelling and I do not so find.
7. I do not so find.
This report contains all the evidence material to the questions reported.
The defendant claims to be aggrieved by the Court’s rulings on requests numbered 2, 4 and 5.
December 10, 1938 is the date of the contract and on the basis of the payments agreed upon, the contract would run a few weeks after December 10, 1939, leaving a balance at the end of the year on which interest at six percent would be figured.
At the time the contract was made, Gen. Laws, Chapter 255 contained section 13C as a result of Chapter 367 of the Acts of 1938 and section 13D as a result of Chapter 315 of the Acts of 1937.
As these sections determined the validity of the contract made while they were in effect, it is unnecessary to consider the changes made by Acts of 1939, Chapter 509.
Gen. Laws, Chap. 255, sec. 13C reads in part as follows:
“Bach conditional sale which includes one or more articles of household furniture or other household or personal effects except jewelry, and each such sale of a motor vehicle, shall be embodied in a single written contract which shall contain the entire agreement between the parties — shall specifically set forth the gross purchase price, which price shall include the cost of the article so sold, interest and finance and any other charge . . ..”
Gen. Laws, Chap. 255, sec. 13D reads as follows:
“Violation of any provision of section 13C shall be punished by a fine of not less than one hundred dollars nor more than five hundred dollars”.
*354 It was possible at the time of the execution of this contract to compute the additional finance charge of six percent payable on the unpaid balance at the end of one year and we think that this amount should have been added in the contract to make up the gross price.
In the argument before this Division, Request No. 2 was ■waived by the defendant. We feel that the issue of the illegality of this contract was raised by Requests No. 4 and No. 5.
That a contract which violates a statutory provision relating thereto is illegal and particularly where a penalty is provided for such violations is well established. Kneeland v. Emerton, 280 Mass. 371, Huey v. Parsarelli, 267 Mass. 578.
We hold the contract was illegal. The order is—
Judgment for Defendant.